

1   STEPHEN P. BERZON (SBN 46540)
    SCOTT A. KRONLAND (SBN 171693)
2   STACEY M. LEYTON (SBN 203827)
    PEDER J. THOREEN (SBN 217081)
3   ANNE N. ARKUSH (SBN 254985)
    Altshuler Berzon LLP
4   177 Post Street, Suite 300
    San Francisco, California 94108
5   Telephone: (415) 421-7151
    Facsimile: (415) 362-8064
6   sberzon@altshulerberzon.com
    skronland@altshulerberzon.com
7   sleyton@altshulerberzon.com
    pthoreen@altshulerberzon.com
8   aarkush@altshulerberzon.com

                            E-filing

9   Attorneys for Plaintiffs

10              UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  MIKESHA MARTINEZ, by and through her      )  Case No. CV 09 2306
    husband and next friend Carlos Martinez, LYDIA )
13  DOMINGUEZ, ALEX BROWN, by and through    )
    his mother and next friend Lisa Brown, DONNA )  CLASS ACTION
14  BROWN, CHLOE LIPTON, by and through her   )
    conservator and next friend Julie Weissman-   )  COMPLAINT FOR DECLARATORY
15  Steinbaugh, HERBERT M. MEYER, LESLIE     )  AND INJUNCTIVE RELIEF
    GORDON, CHARLENE AYERS, WILLIE        )
16  BEATRICE SHEPPARD, and ANDY          )
    MARTINEZ, on behalf of themselves and a class )
17  of those similarly situated; SERVICE       )
    EMPLOYEES INTERNATIONAL UNION        )
18  UNITED HEALTHCARE WORKERS WEST;       )
    SERVICE EMPLOYEES INTERNATIONAL      )
19  UNION UNITED LONG-TERM CARE          )
    WORKERS; SERVICE EMPLOYEES           )
20  INTERNATIONAL UNION LOCAL 521; and      )
    SERVICE EMPLOYEES INTERNATIONAL      )
21  UNION CALIFORNIA STATE COUNCIL,       )
                                              )
22              Plaintiffs,                    )
                                              )
23         v.                                  )
                                              )
24  ARNOLD SCHWARZENEGGER, Governor of   )
    the State of California; JOHN A. WAGNER,    )
25  Director of the California Department of Social )
    Services; DAVID MAXWELL-JOLLY, Director )
26  of the California Department of Health Care    )
    Services; JOHN CHIANG, California State     )
27  Controller; FRESNO COUNTY; and FRESNO   )
    COUNTY IN-HOME SUPPORTIVE SERVICES  )
28  PUBLIC AUTHORITY,                     )
                                              )
                Defendants.                   )
    _____)

**INTRODUCTION**

1.      This case challenges California Welfare and Institutions Code Section 12306.1(d)(6) ("Section 12306.1(d)(6)"), which provides for the reduction of the wages and benefits of In-Home Supportive Services ("IHSS") providers.  Under Section 12306.1(d)(6), the maximum hourly wage and benefit rate that the State will help fund would be reduced by two dollars per hour, effective July 1, 2009.  Plaintiffs seek a declaratory judgment that Section 12306.1(d)(6) is unlawful and an injunction to prevent Defendants from implementing this provision.  Section 12306.1(d)(6) would cause severe and irreparable harm to tens of thousands of Californians, pushing already low-wage IHSS providers into poverty and forcing the institutionalization of, or otherwise harming, some IHSS recipients who will be unable to obtain in-home care.

2.      The IHSS program presently provides critical assistance to hundreds of thousands of low-income seniors and persons with disabilities, primarily as part of the state's Medicaid program ("Medi-Cal").  Elderly and/or disabled individuals who are unable to perform certain basic tasks of daily living – for example, bathing, dressing, feeding themselves, or taking necessary medications – are provided with in-home assistance that permits them to remain out of institutional care.  With the help of IHSS providers, these IHSS consumers are able to remain safely in their homes, at a cost to the State of far less than the cost of institutional care.

3.      IHSS providers' wages and benefits are funded through a combination of federal, state, and county funds.  The State contributes a percentage of wages and benefits up to a maximum amount established by state law.  In enacting Section 12306.1(d)(6), the California Legislature reduced the maximum amount of the wages and benefits of IHSS providers for which the State will share costs by over 15%, to $9.50 per hour in wages and $.60 per hour in benefits, effective July 1, 2009.  The State then notified counties to submit notices of their plans to reduce wages and benefits to these levels for the reduction to take effect by that date.  In many counties that currently pay wages and/or benefits above the newly reduced maximum amount, Section 12306.1(d)(6) will cause IHSS providers' wages and benefits to drop significantly from their current levels.  The consequences for many IHSS consumers in these counties would be dire, because their providers would be unable or unwilling to continue working at the

1

1  reduced wage rate.  Many consumers would be unable to hire IHSS providers and would either be

2  deprived of critical IHSS services or be forced into nursing homes.

3      4.    Plaintiffs have filed this action because Section 12306.1(d)(6) is preempted by the federal

4  Medicaid Act, 42 U.S.C. §1396a(a)(30)(A).  Prior to enacting Section 12306.1(d)(6), the State failed to

5  give the required consideration to the impact of the statute on the efficiency, economy, and quality of

6  care of Medi-Cal services, and on access to Medi-Cal services.

7      5.    In addition, Section 12306.1(d)(6) is preempted by the federal Medicaid Act, 42 U.S.C.

8  §1396a(a)(30)(A), because the reduced IHSS provider wages and benefits that would result from its

9  implementation would produce Medi-Cal services that are not consistent with the required standards of

10  efficiency, economy, and quality of care, and would not provide sufficient access to Medi-Cal services.

11      6.    Finally, implementation of Section 12306.1(d)(6) would violate the anti-discrimination

12  provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132, and Section 504 of the

13  Rehabilitation Act, 29 U.S.C. §794(a), by forcing many IHSS consumers to enter nursing homes or other

14  institutions, despite their desire and ability to remain in their homes.  This action also specifically

15  challenges the reduction of the IHSS provider wage and benefit rates in Fresno County following the

16  adoption of Section 12306.1(d)(6) as violating these anti-discrimination provisions.

17  **JURISDICTION**

18      7.    This action arises under:

19      (a)    Title XIX of the Social Security Act, 42 U.S.C. §1396a(a)(30)(A);

20      (b)    The Americans with Disabilities Act, 42 U.S.C. §12132;

21      (c)    The Rehabilitation Act, 29 U.S.C. §794(a);

22      (d)    The Supremacy Clause, U.S. Const., Art. VI, cl. 2; and

23      (e)    42 U.S.C. §1983.

24      8.    This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1343.

25      9.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201

26  and 2202.

27  **VENUE**

28

2

10.   Venue is proper under 28 U.S.C. §1391(b) because all Defendants reside in California and at least one Defendant resides in the Northern District of California, and because a substantial part of the events or omissions giving rise to the claims occurred or will occur in the Northern District of California, where many Plaintiffs or their members live and work.

## INTRADISTRICT ASSIGNMENT

11.   Pursuant to Local Rule 3-2(c)-(d), intra-district assignment to the San Francisco or Oakland Division is proper because at least one Defendant resides in San Francisco County, and because a substantial part of the events or omissions giving rise to the claims occurred or will occur in Alameda, Contra Costa, Marin, Mendocino, Napa, San Francisco, San Mateo and Sonoma counties.

## PARTIES

12.   Plaintiff Mikesha Martinez, a 29-year-old resident of Fresno County, appears in this action through her husband and next friend, Carlos Martinez.  Plaintiff Martinez has required round-the-clock care since a diabetic coma two years ago caused serious brain injuries, and is authorized to receive 283 hours per month in IHSS services under the Medi-Cal program.  Three IHSS providers shower Plaintiff Martinez, clean her, feed her, provide care for her at night, and take her for walks, to the park, and to doctor's appointments.  After the enactment of Section 12306.1(d)(6), Fresno County announced that it will reduce the wages of IHSS providers from $10.25 per hour to $9.50 per hour, and it will reduce the benefits from $.85 per hour to $.60 per hour, effective July 1, 2009.  At least some of Plaintiff Martinez's IHSS providers will have to look for other work if these reductions take effect, and Plaintiff Martinez's husband may not be able to find providers to replace them.  Plaintiff Martinez's husband does not know how he will provide care for his wife if he is unable to replace these providers, and is worried that he would have to put his wife into some form of institutional care.

13.   Plaintiff Lydia Dominguez is an 81-year-old resident of Alameda County.  She suffers from osteoporosis and has problems with her eyes and with her right arm.  As a result of her condition, Plaintiff Dominguez has had multiple operations and at least ten significant accidents.  In addition, she is mostly unable to walk and she depends heavily on a walker and assistance from others.  Plaintiff Dominguez is authorized to receive 24 hours of IHSS services per week pursuant to the Medi-Cal program for assistance with bathing, cooking, laundry, cleaning, and paying her bills.  Without this

1    assistance, Plaintiff Dominguez could not live on her own, and would be forced into a nursing home. If

2    the IHSS wages and benefits are reduced below their current level, Plaintiff Dominguez's provider will

3    be forced to look for another job. Plaintiff Dominguez will not be able to find another provider to work

4    for less than this amount, and will be forced into a nursing home.

5         14.     Plaintiff Alex Brown, a 16-year-old resident of Fresno County, appears in this action

6    through his mother and next friend, Lisa Brown. Plaintiff Alex Brown has Down Syndrome, and

7    requires protective supervision and assistance with tasks of daily living (including bathing, grooming,

8    dressing, and eating) in order to remain in his home. Plaintiff Alex Brown is not able to appear on his

9    own behalf to litigate this action because his developmental disability prevents him from understanding

10    the nature of the action or communicating about it with others. Lisa Brown, Plaintiff Alex Brown's next

11    friend and mother, is Plaintiff Alex Brown's sole parent and his IHSS provider. Ms. Brown formerly

12    worked as a food scientist but has been caring for her son full-time since 1998, and began being paid for

13    his care through IHSS in 2002. Ms. Brown receives $10.25 per hour for 195 hours per month of care for

14    her son through the IHSS program, and her personal savings are limited to a few hundred dollars. Out of

15    concern that, if Fresno County reduces its wages to $9.50 per hour effective July 1, 2009, as it presently

16    intends to do, she would be unable to afford her monthly mortgage payment and so would lose her home,

17    Ms. Brown has begun working a second, part-time, temporary job. She does not know how long this job

18    will last, and because her son will be out of school in a few weeks and requires round-the-clock

19    supervision to keep him safe, her job possibilities are very limited. Plaintiff Alex Brown does not have

20    any other relatives who could assume responsibility for his care or take him into their home. If Ms.

21    Brown loses her home, she will be forced to live in her car because she has no alternative housing. If

22    that happens, Ms. Brown will be forced to put her son in a community care facility or developmental

23    center. Ms. Brown is concerned about that possibility because it will limit her son's freedom and contact

24    with family members, and because there has been abuse in such facilities and her son is unable to

25    express himself if he is harmed.

26         15.     Plaintiff Donna Brown, a 45-year-old resident of Solano County, has multiple sclerosis

27    and is paralyzed from the neck down. Plaintiff Brown is unable to perform basic tasks such as eating or

28    showering without assistance, and is authorized to receive 283 hours in IHSS services per month. Four

1   IHSS providers assist Plaintiff Brown with meal preparation, eating, getting out of bed, basic hygiene,

2   giving her medication, bathing, dressing, emptying her catheter, and taking her to doctor's appointments

3   and exercises. Plaintiff Brown could not live independently without their assistance. At least some of

4   Plaintiff Brown's IHSS providers would be unable to continue working for her if the IHSS wages and

5   benefits were reduced below their current level, and Plaintiff Brown believes it would be difficult for her

6   to find new IHSS providers at less than that wage rate. The quality of Plaintiff Brown's care would

7   suffer, and she worries that she might be forced into a nursing home which would deprive her of her

8   current freedom, independence, and community involvement.

9       16.    Plaintiff Chloe Lipton, a 37-year-old resident of Alameda County, appears in this action

10  through her conservator and next friend, Julie Weissman-Steinbaugh. Plaintiff Lipton has multiple

11  disabilities, including cerebral palsy, visual impairment, mental retardation, and anxiety disorder. She

12  requires round-the-clock assistance to live on her own, and is authorized to receive the maximum

13  number of IHSS hours per month pursuant to Medi-Cal as well as services from a state regional center

14  for individuals with developmental disabilities. Plaintiff Lipton is not able to appear on her own behalf

15  to litigate this action because her developmental disability prevents her from understanding the nature of

16  the action or communicating about it with others. Plaintiff Lipton has had trouble finding IHSS

17  providers, and if Alameda County reduces the IHSS wages and benefits, Plaintiff Lipton's current IHSS

18  providers may leave their jobs and Plaintiff Lipton may be unable to find IHSS providers who would

19  work for her. Weissman-Steinbaugh and her husband have served as conservators of Plaintiff Lipton's

20  person and estate since Plaintiff Lipton's mother died in 2002, because Plaintiff Lipton's relatives were

21  not willing to assume responsibility for her care. Both Weissman-Steinbaugh and her husband are

22  disabled, and so cannot provide Plaintiff Lipton with the care she needs in order to remain in her home.

23  If Plaintiff Lipton is unable to find IHSS providers, she may be forced to enter a nursing home, where

24  her freedom to go out in the community will be greatly restricted. This would be disastrous for Plaintiff

25  Lipton's quality of life.

26      17.    Plaintiff Herbert M. Meyer is a 78-year-old resident of Marin County. Plaintiff Meyer is

27  quadriplegic and so requires assistance with getting in and out of bed, bathing, dressing and undressing,

28  getting into his wheelchair, preparation of his meals, bowel and bladder care, cleaning his apartment, and

1   transportation to appointments.  Without this assistance, Plaintiff Meyer could not live independently.

2   Plaintiff Meyer is currently authorized to receive 272 hours of IHSS services per month pursuant to

3   Medi-Cal for assistance with these tasks.  Plaintiff Meyer was cared for by the same IHSS provider for

4   more than twelve years, until she died from cancer earlier in 2009.  Currently Plaintiff Meyer's son is

5   serving as his IHSS provider, but this is a temporary solution and Plaintiff Meyer's son will be unable to

6   provide that care indefinitely.  If Marin County were to reduce the wages and benefits of IHSS providers

7   below their current rate, Plaintiff Meyer does not believe that he will be able to find an IHSS provider.

8   If that happens, Plaintiff Meyer will be forced to enter a skilled nursing facility, which will require him

9   to surrender his freedom and control over his transportation, money, and community activities.  Plaintiff

10   Meyer does not believe he will receive a high quality of health care in a skilled nursing facility and

11   would be devastated if he has to enter one.

12       18.    Plaintiff Leslie Gordon is a resident of Alameda County and a recipient of IHSS services.

13   Plaintiff Gordon has cerebral palsy and needs a caregiver to be present between the hours of 11 p.m. and

14   8 a.m. in case she needs to get out of bed during an emergency.  She is authorized to receive 283 hours

15   of IHSS services under the Medi-Cal program, and has five IHSS providers who provide such overnight

16   care.  Plaintiff Gordon is concerned that, if Alameda County cuts the IHSS wages and benefits, her IHSS

17   providers will have to quit and she will be unable to find replacements for her IHSS providers.  If this

18   happens, Plaintiff Gordon may be forced into a nursing home.

19       19.    Plaintiff Charlene Ayers is a 64-year-old resident of Alameda County.  She has been

20   legally blind since 1972, and her vision deteriorated significantly in January 2008.  She has other health

21   issues such as diabetes and agoraphobia.  Plaintiff Ayers has received IHSS services for over a year and

22   is authorized for 108 hours of IHSS services per month.  These services include cooking, cleaning,

23   personal care, shopping, laundry, and assistance going out into the community.  Plaintiff Ayers' IHSS

24   provider will have to look for other work if Alameda County reduces the IHSS wages and benefits below

25   the current rate, and Plaintiff Ayers does not believe that she will be able to find a suitable replacement

26   for less than the current wage of $11.50 per hour.  If Plaintiff Ayers cannot find a suitable IHSS

27   provider, she will be unable to cook, clean effectively, or go out into the community the way she is able

28   to now.  She will also have difficulty administering her medication.

20.     Plaintiff Willie Beatrice Sheppard is a 81-year-old resident of Alameda County. She suffers from arthritis and has had a stroke. As a result, she cannot walk very well and needs assistance to go out in the community. Although she can perform light tasks around her house, she cannot do anything difficult. Plaintiff Sheppard is authorized for 41.7 hours of IHSS services per month, including cooking, cleaning, bathing, shopping, and mobility assistance. Plaintiff Sheppard's IHSS provider will have to look for other work if her wages fall below $11.50 per hour. If Plaintiff Sheppard's IHSS provider leaves, Plaintiff Sheppard does not believe she will be able to find someone to replace her. It would be very difficult to Plaintiff Sheppard to live on her own without help, and she is afraid that she would be forced to enter a nursing home. Plaintiff Sheppard used to work in a nursing home, and does not believe she would receive a high quality of care if she entered one. For this reason, she wants to live in her home as long as possible.

21.     Plaintiff Andy Martinez is a 76-year-old resident of Fresno County. He suffers from diabetes, and has very limited mobility due to a knee injury. As a result, he can hardly walk, and needs assistance with cooking, cleaning, bathing, shopping, and personal care. Plaintiff Martinez is authorized for 169 hours of IHSS services per month, which are performed by his wife. If Plaintiff Martinez's wife's IHSS provider wages and benefits are reduced, they will not be able to make ends meet. As it is, they are barely able to pay their bills. Plaintiff Martinez believes that they would have to move to a cheaper apartment, but this would be extremely difficult because he can hardly move and his wife would not be able to move them both. Plaintiff Martinez has been in rest homes before, and believes that they do not provide a good quality of care. For this reason, he does not want to go to a nursing facility.

22.     Plaintiff Service Employees International Union United Healthcare Workers West ("UHW") is an unincorporated association whose members include approximately 55,000 IHSS workers in 11 counties. Plaintiff UHW is an affiliate of the Service Employees International Union ("SEIU"). UHW was established to improve the wages, benefits, and working conditions of service employees, including IHSS providers, throughout California. UHW has for years been an advocate for IHSS consumers and quality of care. Some of UHW's IHSS worker members currently earn wages of more than $9.50 per hour, including those in Calaveras ($9.75 per hour), Contra Costa and Sonoma ($11.50 per hour), Fresno ($10.25 per hour), Marin ($11.55 per hour), Sacramento ($10.40 per hour), and Yolo

1   ($10.50 per hour) counties. In addition, some of UHW's IHSS worker members currently earn benefits

2   of more than $.60 per hour. If Section 12306.1(d)(6) takes effect, the wages of members in Fresno

3   County will be reduced to $9.50 per hour and their benefits will be reduced from $.85 per hour to $.60

4   per hour, the wages of members in Contra Costa County will be reduced to $10.32 per hour, and the

5   wages and benefits of members in other counties may also be reduced. UHW's members would be

6   irreparably harmed by this reduction in wages and benefits. UHW brings this suit on behalf of its

7   members, who would have standing to sue in their own right and whose personal participation in this

8   litigation is not necessary, in order to enjoin Defendants from implementing Section 12306.1(d)(6) and

9   reducing IHSS wages and benefits.

10       23.    Plaintiff Service Employees International Union United Long-Term Care Workers

11   ("ULTCW") is an unincorporated association whose members include approximately 175,000 IHSS

12   workers in 10 counties. Plaintiff ULTCW is an affiliate of SEIU. ULTCW was established to improve

13   the wages, benefits, and working conditions of service employees, including IHSS providers, throughout

14   California. ULTCW has for years been an advocate for IHSS consumers and quality of care. Some of

15   ULTCW's IHSS worker members currently earn wages of more than $9.50 per hour, including those in

16   Alameda, Monterey, Napa, Santa Cruz, and Solano counties, who all earn $11.50 per hour; Mendocino

17   County, who earn $9.90 per hour; and San Benito County, who earn $10.50 per hour. In addition, some

18   of ULTCW's IHSS worker members currently earn benefits of more than $.60 per hour. If Section

19   12306.1(d)(6) takes effect, the wages of members in Napa County will be reduced to $10.20 per hour,

20   the wages of members in Mendocino County will be reduced to $9.64 per hour, and the wages and

21   benefits of members in other counties may also be reduced. ULTCW's members will be irreparably

22   harmed by this reduction in wages and benefits. ULTCW brings this suit on behalf of its members, who

23   would have standing to sue in their own right and whose personal participation in this litigation is not

24   necessary, in order to enjoin Defendants from implementing Section 12306.1(d)(6) and reducing IHSS

25   wages and benefits.

26       24.    Plaintiff Service Employees International Union Local 521 ("Local 521") is an

27   unincorporated association whose members include approximately 15,000 IHSS workers in Santa Clara

28   County and San Mateo County. Local 521 is an affiliate of SEIU. Local 521 was established to improve

1  the wages, benefits, and working conditions of service employees, including IHSS providers, in Central

2  Northern California.  Local 521, through its predecessor unions, has long been an advocate for IHSS

3  consumers and quality of care.  All of Local 521's IHSS worker members currently earn wages of more

4  than $9.50 per hour and at least some of UHW's IHSS worker members currently earn benefits of more

5  than $.60 per hour.  Members in Santa Clara County currently earn wages of $12.35 per hour, and

6  members in San Mateo County currently earn wages of $11.50 per hour.  If Section 12306.1(d)(6) takes

7  effect, these members' wages and benefits stand to be reduced to below current amounts.  Local 521's

8  members will be irreparably harmed by this reduction in wages and benefits.  Local 521 brings this suit

9  on behalf of its members, who would have standing to sue in their own right and whose personal

10 participation in this litigation is not necessary, in order to enjoin Defendants from implementing Section

11 12306.1(d)(6) and reducing IHSS wages and benefits.

12        25.    Plaintiff Service Employees International Union California State Council ("California

13 State Council") is a state-wide affiliate of SEIU.  More than 20 local unions representing over 700,000

14 workers belong to the California State Council.  Over 87,000 of these workers are IHSS providers

15 earning wages of greater than $9.50 per hour, some of whom also earn benefits of greater than $.60 per

16 hour.  The California State Council advocates for the interests of its affiliated local unions and their

17 members before legislative bodies, regulatory agencies, and the courts.  The California State Council has

18 long been an advocate for IHSS consumers and quality of care.  The California State Council brings this

19 suit on behalf of its affiliate local unions and the members of its affiliates, who would have standing to

20 sue in their own right and whose personal participation in this litigation is not necessary, in order to

21 enjoin Defendants from implementing Section 12306.1(d)(6) and reducing IHSS wages and benefits.

22        26.    Defendant Arnold Schwarzenegger is the Governor of the State of California.  Defendant

23 Schwarzenegger is sued in his official capacity.

24        27.    Defendant John A. Wagner is the Director of the California Department of Social

25 Services and, as such, is responsible for administering the IHSS program.  Defendant Wagner is sued in

26 his official capacity.

27

28

28.     Defendant David Maxwell-Jolly is the Director of the California Department of Health Care Services and, as such, is responsible for administering Medi-Cal. Defendant Maxwell-Jolly is sued in his official capacity.

29.     Defendant John Chiang is the California State Controller and, as such, is responsible for issuing payments to IHSS providers. Defendant Chiang is sued in his official capacity.

30.     Defendant Fresno County provides the funding for the county's share of the costs of the IHSS program in Fresno County, and the Fresno County Board of Supervisors sits as the Governing Board of the Fresno County In-Home Supportive Services Public Authority.

31.     Defendant Fresno County In-Home Supportive Services Public Authority ("Fresno County IHSS Public Authority") administers the IHSS program in Fresno County and is responsible for determining the wages and benefits of Fresno County's IHSS providers.

## FACTUAL ALLEGATIONS

California's IHSS Program

32.     California's IHSS program is designed to provide services to elderly or disabled persons who are unable to remain safely in their homes without such services. Cal. Welf. & Inst. Code §12300(a).

33.     These services may include assistance with bathing, dressing, feeding, movement, taking necessary medications, and travel to medical appointments. *Id.* §12300(b)-(c).

34.     The IHSS program provides in-home assistance with these tasks of everyday living to hundreds of thousands of Californians.

35.     An IHSS consumer is assessed, pursuant to statewide guidelines, to determine his or her need for supportive services. Based on that assessment, the consumer is authorized to receive a certain number of hours of IHSS services for specific service tasks. *See id.* §12301.2.

36.     In many cases, IHSS providers are related to the person they are assisting. Sometimes this relative has left a higher-paying job to provide this critical assistance to his or her loved one.

37.     The wages and benefits of IHSS providers are paid for with a combination of federal, state, and county funds. The State pays 65 percent of the approved nonfederal cost of IHSS providers'

Complaint

1    wages and benefits, up to a statutorily determined cap, and the county pays the remainder. *Id.*

2    §§12306(b)-(c), 12306.1(c)-(d).

3         38.    In fiscal year 2008-09, the State contributed 65 percent of the nonfederal share of IHSS

4    providers' wages and benefits, up to a total maximum wage and benefit package (including all sources of

5    funding) of $12.10 per hour. *See id.* §12306.1(d)(5).

6         39.    As relevant here, in most counties, the wages and benefits of IHSS providers are set by

7    county-established public agencies (called "public authorities"), through a process that may include

8    collective bargaining. *Id.* §12301.6(a)(2), (c)(1).

9         40.    In some counties, collective bargaining agreements determine the level of wages and

10   benefits to IHSS workers in the county.  These collective bargaining agreements are renegotiated every

11   two to three years.

12        41.    The California Department of Health Care Services is required by state law to "establish a

13   provider reimbursement rate methodology to determine payment rates" for IHSS providers. *Id.*

14   §14132.95(j)(2)(A)(i).

15        42.    Consistent with this direction, California's Medicaid State Plan provides that wage and

16   benefit rates established through collective bargaining are the "rates recommended by the Department."

17   California State Plan Amendment 92-11, Attachment 4.19B, pp. 31-33.

18        43.    When a county agrees to a wage increase, it must submit that increase for approval by the

19   Department of Health Care Services, which is authorized to grant conditional approval subject to

20   available funding.  Cal. Welf. & Inst. Code §12306.1(a)-(b).

21   Section 12306.1(d)(6)

22        44.    In February 2009, the California Legislature, during the Third Extraordinary Legislative

23   Session Legislative session, passed Senate Bill No. 6 as part of an emergency budget compromise.  That

24   bill included Section 12306.1(d)(6), which provides:

25              Notwithstanding [other provisions of §12306.1(d)], the state shall participate [in paying
                the wages of IHSS providers] in a total cost of wages up to nine dollars and fifty cents
26              ($9.50) per hour and in individual health benefits up to sixty cents ($0.60) per hour. This
                paragraph shall become operative on July 1, 2009.

27

28

45.     The California Department of Health Care Services has represented to the federal government that the effect of Section 12306.1(d)(6) was to rescind the approval of all county wage rates above $9.50 per hour and benefit rates above $.60 per hour.

46.     Prior to Section 12306.1(d)(6)'s enactment, the Legislature did not properly consider the effect of this statute on Medi-Cal's efficiency, economy, and quality of care, and the effect of this statute on access to Medi-Cal services.

47.     On April 2, 2009, the California Department of Social Services issued an All-County Letter informing counties how Section 12306.1(d)(6) would be implemented.  That letter directed counties to "submit a PA Rate Request to reduce the wages and health benefits to the $10.10 level" ($9.50 per hour in wages and $.60 per hour in benefits) by May 1, 2009, in order for the new rate to take effect on July 1, 2009.  The letter also stated that if the county wage remained above $9.50 the State would no longer share in the cost of the amount above $9.50, and if the county benefit rate remained above $.60 the State would no longer share in the cost of the amount above $.60.

48.     On May 1, 2009, the Department of Social Services issued a new All-County Information Notice directing all counties paying wages above $9.50 per hour and/or benefits above $.60 per hour to submit a rate change request, and moved the applicable deadline to June 1, 2009.

<u>Effect of Section 12306.1(d)(6) on IHSS Provider Wage Rates.</u>

49.     Twenty-one California counties currently pay IHSS providers wages greater than $9.50 per hour.  These counties are Alameda, Calaveras, Contra Costa, Fresno, Marin, Mendocino, Monterey, Napa, Placer, Riverside, Sacramento, San Benito, San Francisco, San Luis Obispo, San Mateo, Santa Barbara, Santa Clara, Santa Cruz, Solano, Sonoma, and Yolo.

50.     In many of these counties, the wages are established by collective bargaining agreements with UHW, ULTCW, or Local 521.

51.     The Fresno County Board of Supervisors, sitting as itself and as the In-Home Supportive Services Public Authority Governing Board, has approved a notice to the Department of Social Services that Fresno County will reduce the wages and benefits of IHSS providers by $1.00 per hour – wages will be reduced from $10.25 per hour to $9.50 per hour, and benefits will be reduced from $.85 per hour to $.60 per hour – effective July 1, 2009.

52. The Human Resources Department of Contra Costa County has informed UHW that Contra Costa County will reduce the wages of IHSS providers by $1.18 per hour, from $11.50 per hour to $10.32 per hour, effective July 1, 2009.

53. The In-Home Supportive Services Public Authority of Napa County has approved a notice that Napa County will reduce the wages of IHSS providers from $11.50 per hour to $10.20 per hour, effective July 1, 2009.

54. The IHSS Public Authority Governing Board of Mendocino County has approved a notice of reduction of the IHSS wage from $9.90 per hour to $9.64 per hour, effective July 1, 2009.

55. Other counties have informed Plaintiffs that they intend to reduce the wages of IHSS providers effective July 1, 2009.

56. In the counties in which wages and/or benefits will be reduced, all IHSS providers will be harmed by the reduction in their wages and/or benefits.

57. Additionally, in all counties, IHSS provider members of UHW, ULTCW, Local 521, and the California State Council will be harmed because their unions will face greater difficulty bargaining for increased wages and/or benefits. Within the next year, UHW, ULTCW, and Local 521 will be negotiating collective bargaining agreements for IHSS providers currently earning wages of $9.50 per hour or less and/or benefits of $.60 per hour or less. Prior to the enactment of Section 12306.1(d)(6), UHW, ULTCW, and Local 521 intended to bargain for increasing these wages above $9.50 per hour and benefits above $.60 per hour.

Effect of Section 12306.1(d)(6) on IHSS Consumers

58. In the counties in which wages will be reduced, many IHSS providers will be forced to leave IHSS employment to seek higher paying jobs. Not all the vacancies created by IHSS providers leaving their employment will be filled with new IHSS providers.

59. As a result of these vacancies, many IHSS consumers in these counties will be unable to find providers for any or all of their authorized IHSS hours. These consumers will either have to make do with reduced or eliminated IHSS services, or be forced to enter nursing homes or other residential institutions.

13

60.     The level of provider payments set by Section 12306.1(d)(6) will not be adequate to enlist enough IHSS providers so that the care and services are available to Medi-Cal recipients to the same extent they are available to the general population in the same geographic areas.

61.     The level of provider payments set by Section 12306.1(d)(6) will also force disabled individuals into nursing homes who could remain in their homes with the help of supportive services and who wish to remain in their homes.

## CLASS ACTION ALLEGATIONS

Allegations Related to Claims Against State Defendants

62.     Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez bring the First, Second, Third, and Fourth Claims for Relief as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), and/or (b)(2), on behalf of themselves and the following Plaintiff Class, against Defendants Schwarzenegger, Wagner, Maxwell-Jolly, and Chiang (hereinafter "State Defendants"):

> All IHSS consumers residing in Alameda, Calaveras, Contra Costa, Fresno, Marin, Mendocino, Monterey, Napa, Placer, Riverside, Sacramento, San Benito, San Francisco, San Luis Obispo, San Mateo, Santa Barbara, Santa Clara, Santa Cruz, Solano, Sonoma, and Yolo counties.

63.     Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez are members of the Plaintiff Class on whose behalf the First, Second, Third, and Fourth Claims for Relief are brought against State Defendants.

64.     The Plaintiff Class consists of tens of thousands of individuals and is therefore so numerous that joinder of all members is impracticable.

65.     Common questions of law and fact predominate over any questions affecting individual class members.  Questions of law and fact common to members of the Plaintiff Class as a whole include, but are not limited to, the following:

a.      Whether the State failed to give the required consideration to the factors of efficiency, economy, quality of care, and access to services prior to the enactment of Section 12306.1(d)(6), in violation of the federal Medicaid Act, 42 U.S.C. §1396a(a)(30)(A);

b.     Whether the IHSS provider wages and benefits that will result from the implementation of Section 12306.1(d)(6) will be inconsistent with Medicaid's mandated quality of care, and will not be sufficient to enlist enough IHSS providers so that care and services under Medi-Cal are available at least to the extent that such care and services are available to the general population in the geographic area, in violation of the federal Medicaid Act, 42 U.S.C. §1396a(a)(30)(A);

c.     Whether the implementation of Section 12306.1(d)(6) will violate the rights of Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez, and class members to be free from discrimination on the basis of their disability under the ADA, 42 U.S.C. §12132, by forcing disabled individuals who could otherwise remain in their homes to enter nursing homes or other residential institutions.

d.     Whether the implementation of Section 12306.1(d)(6) will violate the rights of Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez, and class members to be free from discrimination on the basis of their disability under Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), by forcing disabled individuals who could otherwise remain in their homes to enter nursing homes or other residential institutions.

66.     Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs have retained counsel competent and experienced in complex class actions and federal civil rights litigation. Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez's interests are co-extensive with those of class members, and are not antagonistic to them.

67.     Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez's claims are typical of class members' claims. Like other

1   class members, they are currently receiving IHSS services and their IHSS providers' wages and benefits

2   may be reduced as a result of Section 12306.1(d)(6).  Like other class members, they face a substantial

3   risk of irreparable harm as a result of State Defendants' conduct.

4        68.    Class certification of the First, Second, Third, and Fourth Claims for Relief against State

5   Defendants is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(A) because the prosecution of separate

6   actions by individual class members would create a risk of inconsistent or varying adjudications with

7   respect to individual class members that would establish incompatible standards of conduct for the party

8   opposing the class.

9        69.    Class certification of the First, Second, Third, and Fourth Claims for Relief against State

10  Defendants is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(B) because the prosecution of separate

11  actions by individual class members would create a risk of adjudications with respect to individual class

12  members that would, as a practical matter, be dispositive of the interests of the other members not

13  parties to the adjudications.

14       70.    Class certification of the First, Second, Third, and Fourth Claims for Relief is appropriate

15  pursuant to Fed. R. Civ. P. 23(b)(2) because State Defendants have acted or refused to act on grounds

16  generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to

17  Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers,

18  Sheppard, and Andy Martinez and the Plaintiff Class as a whole.

19  <u>Allegations Related to Claims Against Fresno County Defendants</u>

20       71.    Plaintiffs Mikesha Martinez, Alex Brown, and Andy Martinez bring the Third and Fourth

21  Claims for Relief as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), and/or (b)(2), on behalf of

22  themselves and the following Plaintiff Class, against Defendants Fresno County and Fresno County In-

23  Home Supportive Services Public Authority (hereinafter "Fresno County Defendants"):

24       All IHSS consumers residing in Fresno County.

25       72.    Plaintiffs Mikesha Martinez, Alex Brown, and Andy Martinez are members of the

26  Plaintiff Class on whose behalf the Third and Fourth Claims for Relief are brought against Fresno

27  County Defendants.

28

73.     The Plaintiff Class consists of thousands of individuals and is therefore so numerous that joinder of all members is impracticable.

74.     Common questions of law and fact predominate over any questions affecting individual class members.  Questions of law and fact common to members of the Plaintiff Class as a whole include, but are not limited to, the following:

a.     Whether the reduction of the IHSS wage from $10.25 per hour to $9.50 per hour and the IHSS benefits rate from $.85 per hour to $.60 per hour will violate the rights of Plaintiffs Mikesha Martinez, Alex Brown, and Andy Martinez, and class members to be free from discrimination on the basis of their disability under the ADA, 42 U.S.C. §12132, by forcing disabled individuals who could otherwise remain in their homes to enter nursing homes or other residential institutions.

d.     Whether the reduction of the IHSS wage from $10.25 per hour to $9.50 per hour and the IHSS benefits rate from $.85 per hour to $.60 per hour will violate the rights of Plaintiffs Mikesha Martinez, Alex Brown, and Andy Martinez, and class members to be free from discrimination on the basis of their disability under Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), by forcing disabled individuals who could otherwise remain in their homes to enter nursing homes or other residential institutions.

75.     Plaintiffs Mikesha Martinez, Alex Brown, and Andy Martinez will fairly and adequately represent and protect the interests of the Plaintiff Class.  Plaintiffs have retained counsel competent and experienced in complex class actions and federal civil rights litigation.  Plaintiffs Mikesha Martinez, Alex Brown, and Andy Martinez's interests are co-extensive with those of class members, and are not antagonistic to them.

76.     Plaintiffs Mikesha Martinez, Alex Brown, and Andy Martinez's claims are typical of class members' claims.  Like other class members, they are currently receiving IHSS services and their IHSS providers' wages and benefits may be reduced as a result of Section 12306.1(d)(6).  Like other class members, they face a substantial risk of irreparable harm as a result of Fresno County Defendants' conduct.

77.   Class certification of the Third and Fourth Claims for Relief against Fresno County Defendants is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(A) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

78.   Class certification of the Third and Fourth Claims for Relief against Fresno County Defendants is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(B) because the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications.

79.   Class certification of the Third and Fourth Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Fresno County Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs Mikesha Martinez, Alex Brown, and Andy Martinez, and the Plaintiff Class as a whole.

**FIRST CLAIM FOR RELIEF**

(Violation of 42 U.S.C. §1396a(a)(30)(A)/Supremacy Clause,
Brought By Plaintiffs UHW, ULTCW, Local 521, and California State Council On Behalf Of
Themselves And By Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton,
Meyer, Gordon, Ayers, Sheppard, And Andy Martinez On Behalf Of Themselves And On Behalf Of The
Class, Against State Defendants)

80.   Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

81.   The federal Medicaid Act, 42 U.S.C. §1396a(a)(30)(A), requires, in relevant part, that a state Medicaid plan:

> provide such methods and procedures relating to the utilization of, and the payment for, care and services available under the plan . . . as may be necessary . . . to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area . . . .

82.   42 U.S.C. §1396a(a)(30)(A) mandates that states consider the effect of any proposed changes to provider payments upon the efficiency, economy, quality of care, and access to services

18

1   before making changes in those payments.  *See Orthopaedic Hospital v. Belshe*, 103 F.3d 1491, 1496

2   (9th Cir. 1997) (in setting rates states must consider effect upon efficiency, economy, quality of care, and

3   access, including through reliance on "cost studies . . . that provide reliable data").

4         83.    In enacting Section 12306.1(d)(6), the California Legislature did not give the required

5   consideration to or conduct the required analysis of the effect of Section 12306.1(d)(6) on efficiency,

6   economy, quality of care, and access to services prior to its enactment.  Instead, Section 12306.1(d)(6)

7   was enacted solely for budgetary reasons.

8         84.    Section 12306.1(d)(6) therefore conflicts with, and is preempted by, 42 U.S.C.

9   §1396a(a)(30)(A).

10        85.    If the State Defendants implement Section 12306.1(d)(6), their conduct will cause

11  irreparable injury to Plaintiffs and the Plaintiff Class.

## SECOND CLAIM FOR RELIEF

(Violation of 42 U.S.C. §1396a(a)(30)(A)/Supremacy Clause,
Brought By Plaintiffs UHW, ULTCW, Local 521, And California State Council On Behalf Of
Themselves and By Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton,
Meyer, Gordon, Ayers, Sheppard, And Andy Martinez On Behalf Of Themselves And On Behalf Of The
Class, Against State Defendants)

16        86.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set

17  forth herein.

18        87.    The federal Medicaid Act, 42 U.S.C. §1396a(a)(30)(A), requires that states' provider

19  payments be "consistent with efficiency, economy, and quality of care and . . . sufficient to enlist enough

20  providers so that care and services are available under the plan at least to the extent that such care and

21  services are available to the general population in the geographic area."

22        88.    The IHSS provider wages and benefits that would result from the implementation of

23  Section 12306.1(d)(6) would not be consistent with Medicaid's mandated quality of care.

24        89.    The IHSS provider wages and benefits that would result from the implementation of

25  Section 12306.1(d)(6) would not be sufficient to enlist enough IHSS providers so that care and services

26  under Medi-Cal were available at least to the extent that such care and services were available to the

27  general population in the geographic area.

28

Complaint

90.     Section 12306.1(d)(6) therefore conflicts with, and is preempted by, 42 U.S.C. §1396a(a)(30)(A).

91.     If the State Defendants implement Section 12306.1(d)(6), their conduct will cause irreparable injury to Plaintiffs and the Plaintiff Class.

## THIRD CLAIM FOR RELIEF

(Violation of 42 U.S.C. §12132/42 U.S.C. §1983/Supremacy Clause,
Brought By Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, And Andy Martinez On Behalf Of Themselves And On Behalf Of The Class, Against State Defendants And Fresno County Defendants)

92.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

93.     The Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

94.     The unjustified isolation of persons with disabilities in institutions constitutes a form of discrimination prohibited by 42 U.S.C. §12132.

95.     Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez are qualified individuals with disabilities within the meaning of the ADA, and are recipients of IHSS services from a public entity.

96.     The implementation of Section 12306.1(d)(6) and the reduction of wages and benefits for IHSS providers, including in Fresno County, would violate 42 U.S.C. §12132 by creating a substantial risk that Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez will be unable to find IHSS providers and will, as a result, be forced to enter nursing homes or other institutional facilities, despite their desire and ability to remain in their homes.

97.     It would cost the Medi-Cal program more money to provide care for Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez in nursing homes or other institutional facilities than it would cost to provide IHSS services

1     that would permit Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer,

2     Gordon, Ayers, Sheppard, and Andy Martinez to remain in their homes.

3            98.     The implementation of Section 12306.1(d)(6) and the reduction of wages and benefits for

4     IHSS providers, including in Fresno County, would deprive Plaintiffs Mikesha Martinez, Dominguez,

5     Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez of their rights

6     under 42 U.S.C. §12132 to be free from discrimination based on their disability.

7            99.     Section 12306.1(d)(6) and the Fresno County wage and benefit rate reduction therefore

8     conflict with, and are preempted by, 42 U.S.C. §12132.

9           100.     The implementation of Section 12306.1(d)(6) and the reduction of wages and benefits for

10     IHSS providers, including in Fresno County, would cause irreparable injury to Plaintiffs and the Plaintiff

11     Class.

12 **FOURTH CLAIM FOR RELIEF**

13 (Violation of 29 U.S.C. §794(a)/42 U.S.C. §1983/Supremacy Clause,
Brought By Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer,
14 Gordon, Ayers, Sheppard, And Andy Martinez On Behalf Of Themselves And On Behalf Of The Class,
Against State Defendants And Fresno County Defendants)

15

16          101.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set

17     forth herein.

         102.     Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), provides that "[n]o otherwise

18

19     qualified individual with a disability . . . shall, solely by reason of her or his disability, . . . be subjected

20     to discrimination under any program or activity receiving Federal financial assistance."

21          103.     The unjustified isolation of persons with disabilities in institutions constitutes a form of

22     discrimination prohibited by 29 U.S.C. §794(a).

23          104.     Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer,

24     Gordon, Ayers, Sheppard, and Andy Martinez are qualified individuals with disabilities within the

25     meaning of the Rehabilitation Act, and are recipients of IHSS services pursuant to a program receiving

26     federal financial assistance.

27          105.     Section 12306.1(d)(6) and the Fresno County Defendants' reduction of wages and

28     benefits for IHSS providers in Fresno County, if implemented, will violate 29 U.S.C. §794(a) by creating

21

1   a substantial risk that Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton,

2   Meyer, Gordon, Ayers, Sheppard, and Andy Martinez will be unable to find IHSS providers and will, as

3   a result, be forced to enter nursing homes or other institutional facilities, despite their desire and ability

4   to remain in their homes.

5          106.    It would cost the Medi-Cal program more money to provide care for Plaintiffs Mikesha

6   Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy

7   Martinez in nursing homes or other institutional facilities than it would cost to provide IHSS services

8   that would permit Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton, Meyer,

9   Gordon, Ayers, Sheppard, and Andy Martinez to remain in their homes.

10         107.    Implementation of Section 12306.1(d)(6) and the reduction of wages and benefits for

11  IHSS providers, including in Fresno County, would deprive Plaintiffs Mikesha Martinez, Dominguez,

12  Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez of their rights

13  under 29 U.S.C. §794(a) to be free from discrimination based on their disability.

14         108.    Section 12306.1(d)(6) and the Fresno County wage and benefit rate reduction therefore

15  conflict with, and are preempted by, 29 U.S.C. §794(a).

16         109.    Implementation of Section 12306.1(d)(6) and the reduction of wages and benefits for

17  IHSS providers, including in Fresno County, would cause irreparable injury to Plaintiffs and the Plaintiff

18  Class.

19                             **PRAYER FOR RELIEF**

20         WHEREFORE, all Plaintiffs on behalf of themselves, and Plaintiffs Mikesha Martinez,

21  Dominguez, Alex Brown, Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez

22  on behalf of all members of the Plaintiff Class, pray that the Court:

23         1)      Enter a preliminary injunction, pending a decision on the merits, that (1) enjoins the State

24                 Defendants from taking any action (a) to implement Section 12306.1(d)(6) by reducing

25                 the maximum wage of IHSS providers that the State will help fund to $9.50 per hour and

26                 the maximum benefit rate of IHSS providers that the State will help fund to $.60 per

27                 hour, or (b) to approve or implement any county IHSS rate decreases adopted pursuant to

28                 Section 12306.1(d)(6), and (2) enjoins the Fresno County Defendants from taking any

1    action to implement a wage and benefit reduction for Fresno County IHSS providers, and

2    conditionally certify the proposed classes for the purpose of such relief;

3    2)    Certify this action as a class action on behalf of the proposed Plaintiff Classes;

4    3)    Designate Plaintiffs Mikesha Martinez, Dominguez, Alex Brown, Donna Brown, Lipton,

5    Meyer, Gordon, Ayers, Sheppard, and Andy Martinez as Representatives of the Plaintiff

6    Classes;

7    4)    Designate Plaintiffs' counsel as Counsel for the Plaintiff Classes;

8    5)    Enter a declaratory judgment that the enactment and implementation of Section

9    12306.1(d)(6) is preempted by the Medicaid Act, 42 U.S.C. §1396a(a)(30)(A), the ADA,

10    42 U.S.C. §12132, and the Rehabilitation Act, 29 U.S.C. §794(a);

11    6)    Enter a declaratory judgment that the enactment and implementation of Section

12    12306.1(d)(6), including the reduction of wages and benefits for IHSS providers in

13    Fresno County, will deprive Plaintiffs Mikesha Martinez, Dominguez, Alex Brown,

14    Donna Brown, Lipton, Meyer, Gordon, Ayers, Sheppard, and Andy Martinez of their

15    rights under the ADA, 42 U.S.C. §12132, and the Rehabilitation Act, 29 U.S.C. §794(a),

16    to be free from discrimination based on their disability;

17    7)    Issue a permanent injunction prohibiting the State Defendants from implementing Section

18    12306.1(d)(6) including by approving any county rate decreases, and prohibiting the

19    Fresno County Defendants from implementing a wage and benefit reduction for Fresno

20    County IHSS providers;

21    8)    Award Plaintiffs their costs and expenses, including reasonable attorney's fees, expert

22    witness fees, and costs of suit; and

23    9)    Award such other further and additional relief as the Court may deem just and proper.

24    ///

25    ///

26    ///

27    ///

28    ///

Complaint

Dated: May 26, 2009

STEPHEN P. BERZON (SBN 46540)
SCOTT KRONLAND (SBN 171693)
STACEY M. LEYTON (SBN 203827)
PEDER J. THOREEN (SBN 217081)
ANNE N. ARKUSH (SBN 254985)
Altshuler Berzon LLP

By: _____
        Anne N. Arkush
Attorneys for Plaintiffs

Complaint