IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIKESHA MARTINEZ, et al.,

    Plaintiffs,

  v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.
                                        /

No. C 09-02306 CW

ORDER DENYING FRESNO DEFENDANTS' MOTION TO DISMISS AND SEVER

    Plaintiffs, In-Home Support Services (IHSS) consumers and unions representing IHSS providers, filed suit against various state officials (State Defendants) and against Fresno County and Fresno County In-Home Support Services Public Authority (Fresno Defendants) seeking to enjoin reductions in IHSS providers' wages and benefits.  Fresno Defendants have filed a motion to dismiss the claims against them, asserting that Plaintiffs lack standing to bring, and fail to state, a claim for relief against them.  Fresno Defendants have also moved to sever the claims asserted against them from the claims against State Defendants.  Plaintiffs oppose the motions.  The matter was heard on September 17, 2009.  Having considered oral argument and all of the papers submitted by the parties, the Court denies the motions to dismiss and sever.

BACKGROUND

    IHSS providers give in-home assistance to low-income elderly and disabled individuals through California's Medi-Cal program.

The cuts to their wages were scheduled to go into effect July 1, 2009. Plaintiffs filed this complaint on May 26, 2009.

Plaintiffs' complaint asserts four claims for relief. The first two claims, asserted only against State Defendants, challenge Welfare and Institutions Code § 12306.1(d)(6) as violative of the federal Medicaid Act. The third and fourth claims, asserted against both State Defendants and Fresno Defendants, bring challenges under the Americans with Disability Act (ADA), 42 U.S.C. § 12132 and the Rehabilitation Act, 29 U.S.C. § 794(a). In these claims, Plaintiffs allege that reducing the wages and benefits of IHSS providers will create a shortage of providers and that some IHSS consumers will be unable safely to remain at home without IHSS services and will be forced to enter nursing homes or other residential institutions. Plaintiffs claim that this violates the anti-discrimination provisions of the ADA and the Rehabilitation Act. "Unjustified isolation [of people with disabilities] . . . is properly regarded as discrimination based on disability." Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581, 597 (1999).

On June 4, Plaintiffs filed a motion for a preliminary injunction based on all four claims for relief. On June 26, the Court issued a preliminary injunction enjoining implementation of Section 12306.1(d)(6) based on Plaintiffs' first claim for relief. The Court concluded that the statute violated the procedural requirements of the federal Medicaid Act. The Court noted:

> IHSS consumers will suffer immediate and irreparable harm unless the Court issues a preliminary injunction. The wage reductions will cause many IHSS providers to leave employment, which in turn will leave consumers without IHSS assistance. The consumers' quality of life and health-care will be greatly diminished, which will likely cause great harm to disabled individuals. For instance, the declarations submitted by

2

> Plaintiffs describe harms ranging from going hungry and dehydration, to falls and burns, to an inability ever to leave the home. Institutionalizing individuals that can comfortably survive in their home with the help of IHSS providers will "cause Plaintiffs to suffer injury to their mental and physical health, including a shortened life, and even death for some Plaintiffs." Crabtree v. Goetz, 2008 WL 5330506, at *30 (M.D. Tenn.).

Order Granting Preliminary Injunction at 10-11. The Court did not rule on Plaintiffs' likelihood of success on their second, third or fourth claims for relief. Id. at 10.

In a later order clarifying the preliminary injunction, the Court explained that the injunction required State Defendants to "rescind the State's approval of all county wage reduction requests which were submitted after February 20, 2009, to be effective July 1, 2009." Amended Prelim. Inj. at 2. Fresno Defendants then asked the State not to rescind its approval of their wage reduction request. They wrote a letter to California Department of Social Services (CDSS), which stated that, in addition to reducing their rate in response to Section 12306.1(d)(6), they had a separate and independent reason for reducing the rate. They claimed that they based the reduction on a section of the contractual Memorandum of Understanding (MOU) entered into between the County of Fresno and Plaintiff Service Employees International Union United Healthcare Workers West in September, 2006. The MOU provides for the possibility of a rate reduction if Fresno County's funding from the Realignment Act were reduced.[1] The Court held that the letter "merely expresses a second reason for [Fresno's] initial rate change request submitted on April 30, 2009" and "does not

---

[1] Realignment Act funding comes from 1991 legislation that increased sales taxes and vehicle license fees for specific social services and mental health and health programs.

3

constitute a second rate change request." Order Further Clarifying Inj. at 6. The Court concluded, "Before the State may approve a rate reduction for . . . Fresno County, it must receive from the County a new and separate written request conforming to all the requirements of law and regulation, based on a reason other than § 12306.1(d)(6)." Id. at 7.[2] No evidence of such a request has been submitted to date.

## DISCUSSION

### I. Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

---

[2] The Court grants Fresno Defendant's request to take judicial notice of the publications submitted by federal, state, local officials and agencies.

4

A. Standing

"Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III [of the Constitution], they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Article III limits the jurisdiction of the federal courts to "cases" and "controversies." In order to satisfy the "case or controversy" requirement, a plaintiff must show that: "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1225 (9th Cir. 2008). "Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical." Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1100 (9th Cir. 2000) (internal quotation marks omitted). A plaintiff seeking declaratory and injunctive relief cannot rely solely on a past injury; instead, he or she must demonstrate a "very significant possibility of future harm" to warrant the requested relief. San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996).

A standing challenge can be either "facial" or "factual." White v. Lee, 227 F.3d at 1242. A "facial" attack challenges a complaint on its face and the court generally assumes the truth of the allegations asserted therein. Id. In a "factual" attack, the court "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment"

5

and it "need not presume the truthfulness of the plaintiffs' allegations." Id.

Fresno Defendants assert that Plaintiffs' complaint on its face does not allege injury and causation. Fresno Defendants argue that Plaintiffs "set forth wild prognostications of future harm based only upon conjecture and surmise." Motion at 9. The Court disagrees. Plaintiffs have alleged that Fresno Defendants' reduction of IHSS provider wages and benefits will cause unjustified institutionalization of IHSS consumers. For instance, the complaint alleges:

> In the counties in which wages will be reduced, many IHSS providers will be forced to leave IHSS employment to seek higher paying jobs. Not all the vacancies created by IHSS providers leaving their employment will be filled with new IHSS providers.
>
> As a result of these vacancies, many IHSS consumers in these counties will be unable to find providers for any or all of their authorized IHSS hours. These consumers will either have to make do with reduced or eliminated IHSS services, or be forced to enter nursing homes or other residential institutions.

Complaint ¶¶ 58-59. These allegations on their face satisfy the standing requirements.

Fresno Defendants also mount a factual standing challenge. They argue that Plaintiffs cannot show redressability because the MOU provides a separate and distinct contingency clause for the reduction of Fresno County IHSS provider compensation. Fresno Defendants assert that the terms of the MOU control the present dispute and that Plaintiffs' injury cannot be redressed by this lawsuit. However, the MOU has little bearing on Plaintiffs' standing because the reason for Fresno Defendants' attempt to reduce IHSS provider wages is less relevant to Plaintiffs' third

6

and fourth claims for relief than the actual impact of the wage reduction.

Further, Fresno Defendants have not yet submitted a separate rate reduction request to the State based on the MOU. Standing is measured at the commencement of a lawsuit, Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000), and at the commencement of the present lawsuit, Fresno Defendants had submitted a single rate change request based on Section 12306.1(d)(6). The State's approval of that rate change request was rescinded by the Court's preliminary injunction and subsequent orders clarifying the injunction. Fresno Defendants' intent to submit a future rate change request based on the MOU is not relevant at this juncture.

The Court also notes that Fresno Defendants' reliance on Pritikin v. Department of Energy, 254 F.3d 791 (9th Cir. 2001), and San Diego County Gun Rights, 98 F.3d 1121, is misplaced. In these cases, conduct by an entity which was not a party to the litigation would have been required to redress the plaintiffs' injuries. The plaintiffs lacked standing because the court lacked authority to issue an order to the relevant entity. Pritikin, 254 F.3d at 801 ("Pritikin has failed to show how ordering [defendant] DOE to request funding would lead to the tangible result of a Hanford medical monitoring program when only [non-party] ATSDR has the power to actually initiate the program."); San Diego County Gun Rights, 98 F.3d at 1130 ("[I]t is third-party weapons dealers and manufacturers -- not the government defendants -- who have raised the prices of assault weapons [thereby injuring the plaintiffs]."). Here, Fresno Defendants are parties to this lawsuit and Plaintiffs'

7

1 claims against them can adequately be redressed.

## II. Motion to Dismiss for Failure to State a Claim

### A. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashkcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

### B. Analysis

Fresno Defendants argue that Plaintiffs fail to state claims under the ADA and the Rehabilitation Act. Title II of the ADA provides that "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, the Rehabilitation Act (RA) states, "No otherwise qualified individual with a disability

8

in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a).[3]  The integration mandate provides: "A public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified persons with disabilities." 28 C.F.R. § 35.130(d).  The unjustified institutional isolation of persons with disabilities is "properly regarded as discrimination based on disability" because it perpetuates unwarranted assumptions and diminishes participation in everyday life activities. Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581, 597 (1999).

To state a valid claim under either the ADA or Rehabilitation Act, a plaintiff must allege that he or she (1) is a qualified individual with a disability; (2) was either excluded from participation in or denied the benefits of a public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his or her disability. Duval v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

Fresno Defendants argue that Plaintiffs' claims cannot be brought under these statutes because they are essentially employment actions. See Zimmerman v. Oregon Dept. of Justice, 170

---

[3] The Court will address the ADA and RA claims together because there is no substantial difference in the analysis of the rights and obligations created by the provisions.

9

F.3d 1169, 1173 (9th Cir. 1999) ("Congress unambiguously expressed its intent for Title II [of the ADA] not to apply to employment."). However, Fresno Defendants ignore the fact that the third and fourth causes of action in this case are not asserted by the wage-earners, but rather by the people with disabilities -- IHSS consumers -- to challenge discrimination in the provision of services.  The fact that the cause of the alleged discrimination involves wages paid to IHSS providers does not transform Plaintiffs' disability discrimination claims into employment disputes.

Fresno Defendants also assert that, because Plaintiffs seek to prevent Fresno Defendants from reducing IHSS provider wages, Plaintiffs' claims have nothing to do with discrimination on the basis of disability.  They rely on <u>Weinreich v. Los Angeles County Metro. Transp. Auth.</u>, 114 F.3d 976 (9th Cir. 1997), to support their argument.  In <u>Weinreich</u>, the plaintiff challenged his exclusion from a reduced transit fare program for disabled persons on the basis that he could not afford to pay a doctor to certify his disability, which was required by the program.  <u>Id.</u> at 978. The Ninth Circuit held that the Transportation Authority's duty to provide "reasonable accommodations" did not apply where the barrier to the plaintiff's participation was not his disability, but rather his financial constraints.  <u>Id.</u>  Fresno Defendants claim that, like the plaintiff in <u>Weinreich</u>, Plaintiffs in this case have not been discriminated against because the County of Fresno is merely effectuating a budgetary decision, not denying services under the IHSS program.  The Court disagrees.  Plaintiffs allege that the implementation of Section 12306.1(d)(6) and associated wage

10

reductions will force Plaintiffs who wish to remain in their homes, and are able to do so with the help of in-home care, to enter institutions.  Plaintiffs depend upon the services of IHSS providers in order to maintain their social and economic independence.  These allegations sufficiently state disability discrimination claims under Olmstead.

III. Motion to Sever

Federal Rule of Civil Procedure 21 provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party.  The Court may also sever any claim against a party."  A court, in its discretion, may sever parties, "so long as no substantial right will be prejudiced by the severance."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  The court may sever the claims against a party in the interest of fairness and judicial economy and to avoid prejudice, delay or expense.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296-97 (9th Cir. 2000).

Fresno Defendants move the Court to sever the claims against them from the claims against State Defendants.  They argue that the claims against them require factual determinations specific only to Fresno County and not State Defendants.  They assert that, even though Fresno County is the only county named as a Defendant in this case, a county-by-county inquiry must be made to determine whether any reduction in hourly wages paid to IHSS providers will lead to the loss of IHSS providers to the point where IHSS customers will be institutionalized.  Fresno Defendants state, "Because an individualized analysis is required to determine each counties' liability, severance will allow for a more focused analysis, consistent with fairness and will avoid prejudice and

11

delay to all parties involved." Motion at 10.

Although the litigation may require some Fresno-specific analyses, the <u>Olmstead</u> claims against State Defendants and Fresno Defendants involve numerous overlapping questions of law. The legal claims asserted against State Defendants and Fresno Defendants are the same -- that the reduction of IHSS provider wages will result in the unjustified institutionalization of IHSS consumers. Further, any fact specific inquiry into Fresno County will inform Plaintiffs' <u>Olmstead</u> claims against State Defendants. Thus, judicial economy will be served by considering Plaintiffs' claims against Fresno Defendants in conjunction with their claims against State Defendants. Requiring separate trials on these claims would likely waste judicial resources and risk creating inconsistent results.

Fresno Defendants also argue that severing the claims and transferring them to the Eastern District of California would be more convenient and less expensive for all parties because that is where Fresno Defendants, and some of the providers and recipients of care, reside. However, severing the claims against Fresno Defendants might also create a burden on Plaintiffs who reside in Fresno because they would be forced to litigate the same claims in two separate forums.

Fresno Defendants also assert that the existence of the provision in the MOU that allows for a reduction in IHSS wages in response to losses of Realignment Act funding provides a unique relationship between Fresno Defendants and IHSS providers. The loss of Realignment Act funding can justify a wage reduction irrespective of Section 12306.1(d)(6). However, at this juncture,

12

the only rate reduction request submitted to the State by Fresno Defendants was based on Section 12306.1(d)(6). Speculation about what Fresno Defendants may do in the future with respect to IHSS provider wages cannot provide the basis for severance.

Plaintiffs' claims against Fresno Defendants will not be severed. However, the Court will revisit this issue if, as the case develops, new facts arise that tip the balance in favor of severance.

## CONCLUSION

For the foregoing reasons, the Court denies Fresno Defendants' motions to dismiss or sever the claims against them. Fresno Defendants shall answer Plaintiffs' complaint within twenty days from the date of this order.

IT IS SO ORDERED.

Dated: 10/15/09

_____
CLAUDIA WILKEN
United States District Judge