Michael G. Woods, # 58683
Timothy J. Buchanan, # 100409
McCORMICK, BARSTOW, SHEPPARD,
   WAYTE & CARRUTH LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Defendants COUNTY OF FRESNO and FRESNO COUNTY IN-HOME SUPPORTIVE SERVICES PUBLIC AUTHORITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| SIA CHUE YANG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, Governor of the State of California; JOHN A. WAGNER, Director of the California Department of Social Services; DAVID MAXWELL-JOLLY, Director of the California Department of Health Care Services; JOHN CHIANG, California State Controller; FRESNO COUNTY; and FRESNO COUNTY IN-HOME SUPPORTIVE SERVICES PUBLIC AUTHORITY,<br><br>Defendants. | Case No.  C 09-02306 CW<br><br>**STIPULATION FOR PROTECTIVE ORDER RELATING TO CONFIDENTIAL RECORDS PRODUCED BY PARTIES AND ORDER THEREON** |

PLAINTIFFS SIA CHUE YANG, et al., ("Plaintiffs"), through their attorney of record herein, Stacey Leyton of Altshuler Berzon LLP, Defendants ARNOLD SCHWARZENEGGER, JOHN A. WAGNER, DAVID MAXWELL-JOLLY and JOHN CHIANG ("State Defendants") through their attorney of record, Susan M. Carson of the California Office of the Attorney General, and Defendants COUNTY OF FRESNO and FRESNO COUNTY IN-HOME SUPPORTIVE

1

STIPULATION FOR PROTECTIVE ORDER

SERVICES PUBLIC AUTHORITY ("County Defendants"), through its attorney of record herein, Michael G. Woods of McCormick, Barstow, Sheppard, Wayte & Carruth LLP hereby enter into the following Stipulation for Protective Order Relating to Confidential Records:

1. This Stipulation and Order governs the handling of confidential documents, depositions and deposition exhibits, interrogatory answers, responses to requests to produce, responses to requests to admit, and other written, recorded or graphic matter ("discovery material") produced or obtained from any party ("the producing party") during the proceedings in this action.

2. Any party producing "discovery material" in this action which contains or discloses tax returns, trade secrets, unpublished financial data, medical records and other documents subject to federal and state constitutional and statutory rights to privacy, including but not limited to, the Health Insurance Portability and Accountability Act (HIPAA), California Civil Code sections 1798 et seq. and Welfare and Institutions Code sections 4514, 5328 and 10850, and documents or other information of a non-public nature considered by a party to be private, commercially sensitive and/or proprietary, may designate such discovery material as "Confidential," which shall be so designated by appropriate notice to the parties or by marking the documents as such. In the event that any such material previously produced in discovery in this action is so designated by a party after this stipulation is signed, the party shall promptly notify the other parties of such designation in writing, specifying the materials so designated.

3. The producing party may, on the record of a deposition or by written notice to counsel for all parties no later than 72 hours after receipt of a deposition transcript, designate portions thereof as "Confidential" under the terms of this Stipulation and Order. During the 72-hour period, all transcripts and the information contained therein will be deemed to be "Confidential" in their entirety under the terms of this Stipulation and Order. In the event that no designation of "Confidentiality" is made within the 72-hour period, this Stipulation and Order shall not apply to the deposition transcript. Only those portions of a transcript of a deposition marked "Confidential" shall be so treated, except that all copies of deposition transcripts that

contain confidential matter shall be prominently marked "Confidential" on the cover thereof and, if and when filed with the clerk, shall be filed under seal

  4.  Challenging confidentiality designations:

    a.  Unless a prompt challenge to a producing party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    b.  The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made according to this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen days of the date of service of notice.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the producing party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the producing party is unwilling to participate in the meet and confer process in a timely manner.

    c.  A party that elects to press a challenge to a confidentiality designation may file and serve a motion under Civil Local Rule 7 that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the producing party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the

producing party. Until the court rules on the challenge, the discovery material in question will remain "confidential" and be afforded the level of protection to which it is entitled under the producing party's designation.

5. "Confidential" discovery material shall be used only for the prosecution and/or defense of this action, and under no circumstances other than those specifically provided for in this or subsequent court orders shall be disclosed to persons other than the following:

    a. Outside or inside counsel that have appeared in this action or are actively engaged in the preparation of this action, and regular and temporary employees of such counsel assisting in the conduct of this action, including employees of any firm retained to reproduce the discovery material for use in accordance with this Stipulation and Order;

    b. Experts or consultants assisting counsel in this litigation;

    c. Parties or employees of any party to this action who are required to assist counsel in the conduct of this action;

    d. Directors, officers, and employees of parties who are noticed for depositions or designated as trial witnesses and their counsel, or who are identified on the face of the "Confidential" discovery material as an author, addressee, subject or recipient of the discovery material;

    e. Deponents, and their counsel, during the course of depositions taken in this action, but only for purposes relating to this litigation;

    f. The court and its personnel;

    g. Other persons only upon order of the court, or upon written stipulation of and signed by the party that produced the Confidential discovery material.

6. Confidential discovery material may be disclosed pursuant to paragraphs 5b, 5c, 5d, 5e and 5g upon the condition that said material shall be used by any such person only for the purposes of this action and for no other purpose, and shall not be used by him/her in any business affairs of his/her employer or in his/her own affairs or be imparted by him/her to any other person or entity or agency for any reason. Before disclosure is made to any such person, such person shall sign the "Agreement to Be Bound by Protective Order," attached as Exhibit A.

7. If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, that party must promptly notify the producing party in writing. Such notification must include a copy of the subpoena or court order. The party must also promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. Such notification shall include a copy of this Protective Order. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the producing party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The producing party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

8. If a receiving party learns that, by inadvertence or otherwise, it has disclosed protective material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify the producing party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A.

9. Whenever any Confidential discovery material is introduced, or elicited at a deposition, pretrial hearing or other pretrial proceeding, such portions of the proceedings which concern the Confidential discovery material shall be conducted so that only those persons authorized hereunder to have access to such matter shall be present. Prior to introducing or eliciting Confidential discovery material at the trial of this action, the party seeking to introduce or elicit the Confidential discovery material obtained from the other party shall notify the court and the counsel of the other party of its intent to introduce or elicit such matter, specifying with particularity such matter, and the court shall determine whether the portions of the trial which

1  concern the matter so specified shall be conducted so that only those persons authorized
2  hereunder to have access to such matter shall be present.

3      10.    Without written permission from the producing party or a court order secured
4  after appropriate notice to all interested persons, a party may not file in the public record in this
5  action any protected material.  A party that seeks to file under seal any protected material must
6  comply with Civil Local Rule 79-5.

7      11.    Entering into, agreeing to and/or producing or receiving materials or otherwise
8  complying with the terms of this Stipulation and Order shall not:

9      a.    Operate as an admission by any party that any particular discovery
10 material contains or reflects trade secrets, proprietary or commercial information or other
11 confidential matter; or,

12     b.    Prejudice in any way the rights of any party to object to the production of
13 documents it considers not subject to discovery; or,

14     c.    Prejudice in any way the rights of a party to seek a court determination:

15     (i) Whether particular discovery materials should be produced; or,

16     (ii) If produced, whether such materials should be confidential; or,

17     d.    Prejudice in any way the rights of a party to apply to the court for a further
18 protective order relating to any confidential information.

19     12.    This Stipulation has no effect upon, and its scope shall not extend to, any party's
20 use of its own confidential information.

21     13.    Upon conclusion of this litigation, all "Confidential" discovery materials supplied
22 by the parties and all copies thereof shall be returned to the producing party or shall be
23 destroyed, at the election of the producing party.  Whether the Confidential material is returned
24 or destroyed, the receiving party must submit a written certification to the producing party that
25 identifies all the Confidential material that was returned or destroyed and that affirms that the
26 receiving party has not retained any copies, compilations, summaries or other forms of
27 reproducing or capturing any of the Confidential material.  Notwithstanding this provision,
28 counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition,

and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product and expert work product, even if such materials contain Confidential material. Any such archival copies that contain or constitute Confidential material remain subject to this Protective Order.

**STIPULATED AND AGREED TO:**

Dated: March ___, 2010    McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____
Michael G. Woods
Timothy J. Buchanan
Attorneys for Defendant
COUNTY OF FRESNO and FRESNO COUNTY IN-HOME SUPPORTIVE SERVICES PUBLIC AUTHORITY

Dated: March ___, 2010    ALTSHULER BERZON LLP

By: _____
Stephen P. Berzon
Scott A. Kronland
Stacey M. Leyton
Peder J. Thoreen
Anne N. Arkush
Attorneys for Plaintiffs

Dated: March ___, 2010    OFFICE OF THE ATTORNEY GENERAL

By: _____
Susan M. Carson
Attorneys for State Defendants

## ORDER

The Court, having read the above Stipulation entered by and between Plaintiffs, State Defendants and County Defendants, and good cause appearing therefore,

IT IS HEREBY ORDERED as above stipulated.

Date: 3/19/2010

_____
The Honorable Claudia Wilken
Judge of the District Court

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [name], of _____

[address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Yang v. Schwarzenegger*, Case No. C 09-2306 (CW). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint

_____ [name] of _____

[address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State: _____

Printed name: _____

Signature: _____