IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA DOMINGUEZ, et al., | No. 09-02306 CW |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Docket No. 335) |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

On June 21, 2010, Plaintiffs filed a motion for leave to file a second amended complaint and an application for a temporary restraining order. The Court expedited the briefing and hearing schedule on both motions. On June 29, 2010, the Court granted Plaintiffs' application for a temporary restraining order. At the hearing on the matter, the Court allowed the parties to file supplemental briefing on the motion for leave to file an amended complaint.[1] Having considered all the papers submitted by the parties, the Court GRANTS Plaintiffs' motion for leave to file a second amended complaint.

---

[1] The Court grants Plaintiffs' Request for Judicial Notice of Exhibits A-G in support of Plaintiffs' Supplemental Reply because these documents were filed in the litigation of a related case, V.L. v. Wagner, CV 09-4668. Burbank-Glendale Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998).

BACKGROUND

Plaintiffs move to amend their complaint to add two claims by Union Plaintiffs that Fresno County's rate decrease violates section 30(A) of the Medicaid Act.  42 U.S.C. § 1396a(a)(30)(A).  Plaintiffs also move to add Carolyn Stewart, a new Named Plaintiff, to their original four claims.  In addition, Plaintiffs seek to add all Union Plaintiffs to claims three and four of the complaint, which allege that Defendants' conduct violates the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA).  Plaintiffs also move to add two new Union Plaintiffs, United Domestic Workers of America (UDW) and California United Homecare Workers (CUHW), to each claim in the complaint.

State Defendants oppose the motion and argue that Plaintiffs fail to show good cause for the amendment at this stage in the litigation and that they would be prejudiced by this amendment.  State Defendants also argue that it would be futile to add the Union Plaintiffs to claims three and four because they lack standing to bring claims under the ADA and RA.

LEGAL STANDARD

The Supreme Court has identified four factors relevant to whether a motion under Federal Rule of Civil Procedure 15 for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment and prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Futility, on its own, can warrant denying leave to amend.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

In the scheduling order for this case, the Court set October

2

20, 2009 as the deadline to add parties and claims. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where a schedule has been ordered, a party's right to amend its pleading is governed by this good cause standard, not the more liberal standard of Rule 15(a)(2). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. Id. at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

## DISCUSSION

I. Amendment to Include Ms. Stewart as a Named Plaintiff

Defendants contend that Carolyn Stewart, whom Plaintiffs seek to add as a Named Plaintiff, could have been added previously and that Plaintiffs fail to articulate good cause for this amendment. Defendants argue that, because there is already a certified class of In-Home Supportive Services (IHSS) recipients that are residents of Fresno, adding Ms. Stewart to ensure adequate representation is not necessary and does not meet the good cause standard.

Plaintiffs claim that the addition of Ms. Stewart is necessary to ensure there is a Named Plaintiff with non-relative IHSS providers who would be affected by the wage cut in Fresno County.

3

Plaintiffs note that IHSS recipients are elderly or disabled and often encounter serious health issues which can interfere with their participation in litigation.  Plaintiffs point to the death of one previous Named Plaintiff, Sia Chue Yang, and the institutionalization of another, Patsy Miller.  Plaintiffs argue that the fact that Ms. Stewart could have been added earlier does not undermine the fact that it is necessary to add her now.

Plaintiffs seek to ensure the adequate representation of members of the class, which is essential to the success of this action.  Plaintiffs have demonstrated diligence in maintaining a viable Named Plaintiff.  Given that the health of Ms. Miller may continue to preclude her from fully participating in this action, Plaintiffs have shown that the addition of Ms. Stewart will ensure adequate representation for the members of the class in Fresno County with non-relative providers.  In addition, because Ms. Stewart is a member of a class of plaintiffs previously identified, and does not raise any new claims, Defendants will not be prejudiced for lack of notice.  Therefore, Plaintiffs may amend their complaint to add Ms. Stewart as a Named Plaintiff.

II.  Amendments to Include Union Plaintiffs

　　A.  Good Cause

Defendants contend that Plaintiffs fail to show good cause for the addition of Union Plaintiffs UDW and CUHW.  Defendants argue that Plaintiffs' lack of diligence precludes granting leave to amend at this stage in the litigation.  Defendants claim that Plaintiffs do not provide a valid reason for the addition of UDW, and furthermore, because UDW does not represent IHSS workers in

4

Fresno County, Plaintiffs cannot claim the addition of this Union Plaintiff is in response to the recent wage decrease there. Defendants also claim that Plaintiffs fail to demonstrate that they were diligent in trying to add CUHW as a party because Plaintiffs fail to specify when wages rose in the county in which CUHW members operate.

Plaintiffs claim that the State's approval of a rate reduction in Frenso County without the analysis mandated by section 30(A) gave rise to the need to add additional Union Plaintiffs. Plaintiffs argue that they seek injunctive relief in and beyond Fresno County, and therefore, that UDW does not represent Fresno County providers is irrelevant. In addition, Plaintiffs allege that they failed to include CUHW in the lawsuit until now because they were not able to confirm until recently that the hourly wage of CUHW providers fell within the parameters of the class claims.

Plaintiffs have sufficiently alleged good cause because they have established that UDW and CUHW share the interests of the other Union Plaintiffs in seeking to enjoin the state from further rate reductions which will allegedly cause them economic harm. Plaintiffs have also demonstrated that the need to add these Plaintiffs was not known prior to the deadline for adding parties and claims. It also appears that Plaintiffs were diligent in trying to ascertain the appropriateness of CUHW as a plaintiff and their delay in adding the party was not undue or dilatory. Therefore, Plaintiffs may amend their complaint to add these parties.

5

B.   Standing

An entity has associational standing where "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977).

Defendants argue that adding Union Plaintiffs to the ADA and RA claims of the action is futile because Union Plaintiffs lack standing. Specifically, Defendants claim that Plaintiffs fail to allege that specific union members or children of union members would have standing to sue in their own right, and that the interest of union members in receiving IHSS benefits is not germane to the unions' purpose.

Plaintiffs claim that Union Plaintiffs' members are themselves recipients of in-home services and therefore face the imminent threat of institutionalization, which is in violation of the goals of the ADA and RA. Specifically, Plaintiffs allege that parents who care for disabled children full-time and retired IHSS providers who now receive in-home services are among their members. Plaintiffs adequately allege that these members face institutionalization if they cannot secure in-home services and claim that this threat is imminent if wages for IHSS providers are reduced. Therefore, these union members have standing to sue in their own right.

In addition, Plaintiffs sufficiently demonstrate that the

6

interests of these union members are germane to the Union Plaintiffs.  The test for germaneness is not demanding and requires "only that an organization's litigation goals be pertinent to its special expertise and the grounds that bring its membership together."  Humane Soc'y of the United States v. Hodel, 840 F.2d 45, 56 (D.C. Cir. 1988).  The mission statements of Union Plaintiffs convey that their purpose is to promote the interests of IHSS consumers, to collaborate with consumers to enhance their quality of life, and to ensure quality, long-term care for seniors and persons with disabilities.  Pls.'s Supplemental Reply at 7.  These mission statements adequately demonstrate interests Union Plaintiffs seek to protect that are germane to their purpose.[2]

Therefore, Plaintiffs have demonstrated that Union Plaintiffs have standing to bring claims under the ADA and RA.  Accordingly, Plaintiffs may amend their complaint to add Union Plaintiffs to the ADA and RA claims.

III. New Claims for Relief

State Defendants argue that Plaintiffs should not be granted leave to amend their complaint to add the fifth and sixth claims because Plaintiffs are acting in bad faith and because the additional claims would prejudice Defendants.  Specifically, State Defendants claim that Union Plaintiffs' claims challenging the recent rate reduction in Frenso County improperly mix a labor dispute with the instant action concerning the legality of California Welfare and Institutions Code § 12306.1(d)(6), and are

---

[2] Defendants do not argue that Plaintiffs fail to satisfy the third prong of Hunt.

7

merely a way for the unions to circumvent the bargaining process. However, as the Court noted in its order granting Plaintiffs' temporary restraining order, the State cannot abdicate its responsibility to ensure that the IHSS program does not violate a federal law by relying on the fact that the counties determine IHSS wages and benefits though collective bargaining. <u>Martinez v. Schwarzenegger</u>, 2009 WL 1844989, at *5 (N.D. Cal.) ("a county's role in determining IHSS wages and benefits does not preclude the State from analyzing the impact of [a rate reduction] on the Section 30(A) factors prior to enactment"). Plaintiffs do not challenge the process of collective bargaining, but rather the absence of any assessment of the impact of the bargained-for rate on the quality of and access to in-home services.

Defendants have not demonstrated that they will be prejudiced by the addition of these claims or that Plaintiffs have added these claims in bad faith. Therefore, Plaintiffs may amend their complaint to add the fifth and sixth claims for relief.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file a second amended complaint is GRANTED. (Docket No. 335). Plaintiffs may add Named Plaintiff Carolyn Stewart and Union Plaintiffs UDW and CUHW to claims one through four, all of the Union Plaintiffs to claims three and four, and add the two new claims for relief brought by Union Plaintiffs that State Defendants' approval of Frenso County's wage decrease violates section 30(A). Plaintiffs shall file the amended complaint forthwith. Defendants may rest on their answer to the previous

8

complaint or may respond to the amended complaint within twenty-one days of its filing.  Any motion to dismiss will be decided on the papers.

    IT IS SO ORDERED.

Dated: 08/30/10

CLAUDIA WILKEN
United States District Judge