UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| LYDIA DOMINGUEZ, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>WILL LIGHTBOURNE, et al., | Case No.: C 09-02306 CW<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Date:<br>Time:<br>Courtroom: |

      Plaintiffs PATSY MILLER, ALEX BROWN, by and through his mother and next friend Lisa Brown, DONNA BROWN, CHLOE LIPTON, by and through her conservator and next friend Julie Weissman-Steinbaugh, HERBERT M. MEYER, LESLIE GORDON, CHARLENE AYERS, WILLER BEATRICE SHEPPARD, ANDY MARTINEZ, and CAROLYN STWEART (collectively "Named Plaintiffs") have filed, and State Defendants (Will Lightbourne and Toby Douglas) support, a Motion for Final Approval of Class Settlement ("Motion for Final Approval"). The Class Settlement Agreement, entered into by Named Plaintiffs, Union Plaintiffs (Service Employees International Union-United Healthcare Workers, Service Employees International Union-United Long Term Care Workers, Service Employees International Union Local 521, Service Employees International Union California State Council, United Domestic Workers of

America, AFSCME Local 3930, AFL-CIO, and California United Homecare Workers), and State Defendants, is attached to this order as Exhibit 1.

Classes and subclasses in this case have previously been certified under Federal Rule of Civil Procedure 23(b)(2) and were amended in the order granting preliminary approval because of changed factual circumstances. On April 4, 2013, this Court granted preliminary approval to the Class Settlement Agreement and directed notice of the settlement, its terms, and the applicable procedures and schedules. A Fairness Hearing was held on May 23, 2013 to determine whether the Class Settlement Agreement should be granted final approval pursuant to Federal Rule of Civil Procedure 23(e) as fair, adequate, and reasonable. Class members were given an opportunity to comment on and object to the Class Settlement Agreement in writing and at that Fairness Hearing.

Based on consideration of Plaintiffs' moving papers, the arguments of counsel, the objections of class members, and the proceedings in this action to date, the Court hereby finds and concludes that:

1. The Class Notice distributed to Class Members, pursuant to this Court's prior order, was accomplished in all material respects and fully met the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable laws.

2. The Class Settlement Agreement is fair, reasonable, and adequate in all respects. The Class Settlement Agreement provides meaningful relief and is reasonably related to the strength of Plaintiffs' and class members' claims given the risk, expense, complexity, and duration of further litigation. The Class Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Plaintiff Class and State Defendants, after thorough factual and legal investigation.

3. The Court has reviewed and considered the objections of class members and finds that they do not raise concerns that warrant rejecting the Class Settlement Agreement. The Settlement Agreement is a reasonable compromise between the parties given the risks of further litigation and the harm that permanent reductions to IHSS provider wages

would have potentially caused to all Class members in the affected counties if permitted to go into effect.

IT IS HEREBY ORDERED that:

1. The Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over the Plaintiffs and Defendants.  Venue is proper in the Northern District of California.

2. Pursuant to Federal Rule of Civil Procedure 23(e), this Court grants final approval to the Class Settlement Agreement, incorporates the terms of the Class Settlement Agreement into this order as though fully set forth, and orders all parties to that Agreement ("Parties") to perform all of their obligations thereunder.

3. This order and the Class Settlement Agreement are binding against the Parties, their successors in office, and their respective officers, agents, and employees, and all others acting in concert with them.

4. Plaintiffs are bound by the Class Settlement Agreement not to bring or support any lawsuit challenging any provisions of the Class Settlement Agreement.  The Class Settlement Agreement reserves, and does not waive, Plaintiffs' right to challenge, on any ground including those previously asserted in this case, any of the following acts that may occur after this Agreement is signed: any state reductions in participation in IHSS wages and/or state approval of wage reductions in IHSS wages; any state reductions of IHSS hours, services, or eligibility other than those set forth in the Agreement; and any due process challenge to notices of action or provision of hearing rights in relation to IHSS service reductions, assessments, or reassessments other than those required by this Agreement.

5. The Court retains exclusive and continuing jurisdiction over this case, the Named Plaintiffs, the Plaintiff Classes and Subclasses, and State Defendants for purposes of supervising and resolving issues relating to administration, implementation, and enforcement of the Class Settlement Agreement; resolving any disputes that may arise

regarding the Class Settlement Agreement, its terms, or the enforcement thereof; and fashioning appropriate remedies for any violation of that Class Settlement Agreement. The Court's jurisdiction shall expire 30 months after the date of the Centers for Medicare and Medicaid Services' approval or disapproval of the "Assessment" described in Section VI of the Agreement.

6. As set forth in Paragraph 30 of the Class Settlement Agreement, within 30 days of the date that the appeal in this case has been dismissed and the legislation attached as Exhibit A to the Agreement has been enacted, the parties shall file a Joint Notice and Request for Dismissal. At that time, this Court shall dismiss this case and enter final judgment with prejudice as to State Defendants, pursuant to the terms of the Class Settlement Agreement, while retaining jurisdiction to enforce the Agreement as set forth above.

IT IS SO ORDERED:

DATED: May 23, 2013

_____
The Honorable Claudia Wilken
United States District Judge