KAMALA D. HARRIS
Attorney General of California
SUSAN M. CARSON
Supervising Deputy Attorney General
State Bar No. 135875
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5580
 Fax:  (415) 703-5480
 E-mail:  susan.carson@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LYDIA DOMINGUEZ et al.,** | CV 09-2306 CW |
| Plaintiffs, | **STIPULATION TO AMEND SETTLEMENT AGREEMENT; [PROPOSED] ORDER** |
| v. | |
| **ARNOLD SCHWARZENEGGER, Governor of the State of California, et al.,** | The Honorable Claudia Wilken |
| | Action Filed:  May 26, 2009 |
| Defendants. | |

1

The Parties to the Settlement Agreement resolving the *Oster v. Lightbourne* and *Dominguez v. Brown* lawsuits (as "Parties" is defined in the Settlement Agreement) hereby agree to modify and amend the Settlement Agreement as follows[1]:

1. Paragraph 18 of the Settlement Agreement is deleted and amended to read: "The Parties agree to jointly discuss, and State Defendants will submit to the Legislature by no later than February 1, 2015, proposed legislation authorizing an assessment on home care services, including but not limited to, home health care and IHSS (Assessment)."

2. Paragraph 19 of the Settlement Agreement is deleted and amended to read: "If the Assessment is passed by the Legislature, then State Defendants shall submit a request by April 1, 2015, to the federal Centers for Medicare and Medicaid Services (CMS) for authorization to implement the Assessment and shall work with Plaintiffs in good faith to obtain CMS approval of this Assessment."

3. Paragraph 20 of the Settlement Agreement is deleted and amended to read: "The Parties' counsel shall meet and confer, in person or telephonically, regarding the status of the Assessment in October 2013, March or April 2014, August or September 2014, January 2015, and March 2015. If the Assessment is not submitted to CMS by April 1, 2015, the Parties will discuss next steps, and if a resolution is not reached, either Party may submit the dispute to the district court for resolution and for fashioning appropriate remedies needed to facilitate the submission of the Assessment to CMS for approval."

4. All definitions in the Settlement Agreement shall apply to this First Amendment to Settlement Agreement.

5. This stipulation shall constitute an amendment pursuant to Paragraph 38 of the Settlement Agreement, and the electronic signatures of counsel for the Parties, set forth below, shall satisfy the signature requirement of that paragraph.

///

///

---

[1] Attached as Exhibit A is a redlined version of the Settlement Agreement indicating the amendments to the agreement.

1        6.     The effective date of this First Amendment to Settlement Agreement shall be August 29, 2014.

Dated: August 29, 2014                          Respectfully submitted,

                                                        KAMALA D. HARRIS
                                                        Attorney General of California

                                                        */s/ Susan M. Carson*
                                                        SUSAN M. CARSON
                                                        Supervising Deputy Attorney General
                                                        *Attorneys for Defendants*

                                                        Respectfully submitted,

                                                        Stephen P. Berzon
                                                        Stacey M. Leyton
                                                        Peder J. Thoreen
                                                        Altshuler Berzon LLP

                                                        */s/ Stacey M. Leyton*
                                                        *Attorneys for Plaintiffs*

**GENERAL ORDER 45 ATTESTATION**

I, Susan Carson, am the ECF user whose ID and password are being used to file this declaration. In compliance with General Order 45, X.B., I hereby attest that counsel for Plaintiffs and Fresno Defendants have concurred in the filing of this document with their electronic signatures.

Dated: August 29, 2014

                                                */S/ Susan M. Carson*
                                                Susan Carson

**[PROPOSED] ORDER**

GOOD CAUSE APPEARING, THE COURT HEREBY APPROVES THE AMENDMENT TO THE AGREEMENT.
IS SO ORDERED.

Dated: September 3, 2014

                                                Honorable Claudia A. Wilken
                                                United States District Court Judge

SF2009403964
41063451.doc

EXHIBIT A

# SETTLEMENT AGREEMENT

## I. INTRODUCTION

1. This Settlement Agreement (Agreement) globally resolves the following two class-action lawsuits: *Oster v. Lightbourne*, N.D. Cal., Case No. CV 09-04668 CW, U.S. Court of Appeals for the Ninth Circuit, Case No. 12-15366 (*Oster*); and *Dominguez v. Brown*, N.D. Cal., Case No. CV 09-02306 CW, U.S. Court of Appeals for the Ninth Circuit, Case No. 09- 16359 (*Dominguez*). It is the intent of the Parties that this Agreement will fully and finally resolve the *Oster* and *Dominguez* cases. This Agreement represents substantial compromises among all the Parties, and addresses the long term stability of the programs at issue in these cases for the benefit of recipients, providers, and the State of California.

## II. PARTIES

2. The Individual Named Plaintiffs in *Oster* are David Oster; Willie Beatrice Sheppard; C.R., by and through his *guardian ad litem*, M.R.; Dottie Jones; Andrea Hylton; Helen Polly Stern; Charles Thurman; and L.C., by and through her *guardian ad litem*, M.G. The Organizational Plaintiffs in *Oster* are Service Employees International Union-United Healthcare Workers West; Service Employees International Union-United Long Term Care Workers; Service Employees International Union Local 521; Service Employees International Union State Council; United Domestic Workers of America, AFSCME Local 3930, AFL-CIO; and California United Healthcare Workers. Defendants in *Oster* are Will Lightbourne, Director of the California Department of Social Services (CDSS); Toby Douglas, Director of the California Department of Health Care Services (DHCS); CDSS; and DHCS.

3. The Individual Named Plaintiffs in *Dominguez* are Patsy Miller; Alex Brown, by and through his mother and next friend Lisa Brown; Donna Brown; Chloe Lipton, by and

through her conservator and next friend Julie Weissman-Steinbaugh; Herbert M. Meyer; Charlene Ayers; Leslie Gordon; Willie Beatrice Sheppard; Andy Martinez; and Carolyn Stewart, on behalf of themselves and a class of those similarly situated. The Organizational Plaintiffs in *Dominguez* are Service Employees International Union-United Healthcare Workers West; Service Employees International Union-United Long Term Care Workers; Service Employees International Union Local 521; Service Employees International Union California State Council; United Domestic Workers of America, AFSCME Local 3930, AFL-CIO; and California United Homecare Workers. State Defendants in *Dominguez* are Will Lightbourne, Director of CDSS, and Toby Douglas, Director of DHCS.[1]

4. The term "Plaintiffs" in this Agreement refers to all individual and organizational plaintiffs as well as the Classes for *Oster* and the amended class for *Dominguez*.

5. The term "State Defendants" in this Agreement refers to the state officer and state entity defendants in both *Oster* and *Dominguez*.

6. The term "Parties" in this Agreement refers to Plaintiffs and State Defendants.

7. The term "IHSS recipients" in this Agreement refers to all recipients in the State of California who receive services through the In-Home Supportive Services (IHSS), IHSS Plus Option, Personal Care Services, or Community First Choice Option programs.

---

[1] By operation of law, named defendant John A. Wagner is replaced by his successor, Will Lightbourne; and named defendant David Maxwell-Jolly is replaced by his successor, Toby Douglas. Governor Edmund G. Brown Jr., Controller John Chiang, Fresno County, and Fresno County In-Supportive Services Public Authority are currently named defendants in *Dominguez* but are not parties to this settlement agreement. Plaintiffs have agreed to dismiss with prejudice Brown and Chiang, with all parties to bear their own fees and costs. Plaintiffs have also agreed to dismiss Fresno County and Fresno County IHSS Public Authority without prejudice, with all parties to bear their own fees and costs. Plaintiffs are not releasing any claims against Fresno County or Fresno County IHSS Public Authority arising from this county's request for or implementation of a future reduction in IHSS wages.

## III. JURISDICTION

8. The United States District Court has jurisdiction over the claims against all defendants pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1392(b).

## IV. CLASS DEFINITIONS

9. The district court has previously certified the *Oster* Classes as set forth below and appointed as Class Representatives the Individual Named Plaintiffs listed in paragraph 2 of the Agreement:

> Class A: All IHSS recipients in the State of California whose IHSS services will be limited, cut, or terminated under the provisions of ABX4 4, and all applicants to IHSS in the State of California who would have been eligible for IHSS services but who are either not eligible, or are eligible for fewer services, as a result of ABX4 4.
>
> Class B: All IHSS recipients in the State of California who have received or will receive notices of action that include a reduction of IHSS hours based on SB 73 or Defendants' implementation of SB 73, including future applicants for IHSS services whose notice of action will reflect reduced IHSS hours as a result of SB 73 or Defendants' implementation of SB 73.

10. The district court has previously certified a Class in *Dominguez* and appointed as Class Representatives the Individual Named Plaintiffs listed in paragraph 3 of this Agreement. The Parties agree that, due to changes in factual circumstances, the Class definition should be amended by adding five counties (Los Angeles, Madera, Mariposa, San Joaquin, and Yuba). Accordingly, in connection with preliminary approval of the Settlement Agreement, Plaintiffs will ask the district court to amend the class definition to the following:

> All IHSS recipients who reside in Alameda, Calaveras, Contra Costa, Fresno, Los Angeles, Madera, Marin, Mariposa, Mendocino, Monterey, Napa, Placer, Riverside, Sacramento, San Benito, San Francisco, San Joaquin, San Luis Obispo, San Mateo, Santa Barbara, Santa Clara, Santa Cruz, Solano, Sonoma, Yolo, and Yuba counties.

11. If the district court does not approve this Agreement, the Parties agree that State Defendants will not be prejudiced or bound by anything in this Agreement, and instead, State Defendants will have whatever rights they would have had before they entered into this Agreement to contest that the Plaintiffs are appropriate class representatives, and/or to contest that the *Oster* and *Dominguez* classes meet the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2).

## V. REDUCTION IN NUMBER OF AUTHORIZED HOURS

12. Contingent upon enactment of the state legislation described in Exhibit A of this Agreement, State Defendants will implement an 8 percent across-the-board reduction in authorized service hours that shall run for 12 consecutive months. It is the intent of the Parties that this reduction be implemented on July 1, 2013.

13. Effective 12 months after implementation of the 8 percent reduction set forth in the preceding paragraph, and contingent upon enactment of the state legislation described in Exhibit A of this Agreement, State Defendants will replace the 8 percent reduction with, and will implement, an ongoing 7 percent across-the-board reduction in authorized service hours.

14. The reductions identified in paragraphs 12 and 13 shall not be in addition to the current 3.6 percent across-the-board reduction of authorized service hours. The current reduction of 3.6 percent terminates by operation of law on July 1, 2013. It is the intent of the Parties to avoid any time period during which the 3.6 percent reduction has expired but the 8 percent reduction has not yet been implemented.

15. The reductions identified in paragraphs 12 and 13 will be the result of a change in state law and therefore are not subject to appeal by state fair hearing, administrative hearing, trial court, or otherwise. Any such appeal can be administratively denied, and the recipient will not

have "aid-paid-pending" rights in such an appeal. No further legislative authority, beyond that provided in Exhibit A, shall be necessary to implement the reductions described in paragraphs 12 and 13.

   16. Recipients shall retain their right to request a reassessment based on a change in circumstances consistent with California Welfare and Institutions Code section 12301.1(d) (as of 2013). In accordance with applicable law, recipients shall not be required to provide a physician's note or medical certification of a change in their medical condition in order to obtain a reassessment. An IHSS recipient may appeal the denial of a request for a reassessment, and CDSS will instruct the counties to notify recipients subject to a denial of that right to appeal. A recipient who appeals the denial of a reassessment will not have "aid-paid-pending" rights in such an appeal. A request for reassessment based solely on the reductions of authorized service hours identified in paragraphs 12 and 13 can be administratively denied, but is still subject to the right to appeal described above.

   17. CDSS agrees to provide the information in the preceding paragraph to the counties through the provision of an All-County Letter (ACL). Plaintiffs will have the opportunity to review and comment on a draft of the ACL prior to finalization and distribution to the counties. CDSS also agrees to provide the information regarding reassessment and appeals in the preceding paragraph to recipients in the Notice of Action (NOA) regarding the 8 percent reduction in paragraph 12. Plaintiffs will have the opportunity to review and comment on a draft of the NOA prior to finalization and distribution to recipients.

## VI. STATE LEGISLATION REGARDING AN ASSESSMENT

18.  The Parties agree to jointly discuss, and State Defendants will submit to the Legislature by no later than February 1, 2015, proposed legislation authorizing an assessment on home care services, including but not limited to, home health care and IHSS (Assessment).

19.  If the Assessment is passed by the Legislature, then State Defendants shall submit a request by ~~October~~ April 1, 201~~4~~5, to the federal Centers for Medicare and Medicaid Services (CMS) for authorization to implement the Assessment and shall work with Plaintiffs in good faith to obtain CMS approval of this Assessment.

20.  The Parties' counsel shall meet and confer, in person or telephonically, regarding the status of the Assessment in October 2013, March or April 2014, ~~and~~ August or September 2014, January 2015, and March 2015. If the Assessment is not submitted to CMS by ~~October~~ April 1, 201~~4~~5, the Parties will discuss next steps, and if a resolution is not reached, either Party may submit the dispute to the district court for resolution and for fashioning appropriate remedies needed to facilitate the submission of the Assessment to CMS for approval.

21.  If the Assessment is approved by CMS, the general fund savings generated by the Assessment revenues will offset the reduction in authorized service hours set forth in paragraph 13, up to 7 percent, as set forth Section 12YYY attached hereto as part of Exhibit A.

22.  State Defendants will pursue retroactive implementation of the Assessment. If CMS approves retroactive implementation of the Assessment, the one-time savings from that retroactive implementation, as determined by the director of the Department of Finance, shall be reinvested for the benefit of recipients. The Parties shall discuss how this reinvestment should occur; however, the implementation of this reinvestment shall be subject to applicable legislative approval.

## VII. OTHER STATE LEGISLATION

23. The Parties agree to jointly support passage by the Legislature of the legislation attached in Exhibit A hereto (which includes the repeal of Cal. Welf. & Inst. Code §§ 12301.07, 12306.1(d)(6) & (d)(7), 12309(e)-(i), & 12309.2) as soon as possible, but no later than May 24, 2013. If this legislation is not enacted by June 1, 2013, or is enacted with substantive alteration (e.g., different percentage reductions than set forth in this Agreement), the Parties shall meet and confer to discuss next steps. If this legislation is not passed by the Legislature or is passed with substantive alteration, or is not delivered to the Governor by November 1, 2013, then the Parties shall meet and confer to determine whether they can agree upon a mutually acceptable solution. If the Parties cannot reach such agreement, at that time, any Party may declare the Agreement null and void.

24. The Parties agree to jointly support passage by the Legislature of legislation that would authorize the creation of an assessment such as described in Section VI.

## VIII. JOINT REQUEST FOR FEDERAL APPROVALS IF NECESSARY

25. The Parties agree to jointly support federal approvals, if any are necessary, to implement this Agreement.

## IX. DISTRICT COURT APPROVAL AND ENFORCEMENT OF SETTLEMENT

26. The Class Representatives agree to file on behalf of the certified classes in *Oster* and the amended class in *Dominguez*, and all other Parties agree to support, a motion with the district court to request a fairness hearing pursuant to Federal Rule of Civil Procedure 23(e) and to seek the district court's preliminary and final approvals of this Agreement in *Oster* and *Dominguez*. The Parties will cooperate in presenting this Agreement to the district court at the fairness hearings and will take all steps necessary to seek and obtain the district court's approval.

If the district court withholds its approval of this Agreement or the settlement for any reason, the Parties shall meet and confer to determine whether this Agreement can be amended or modified in a manner so as to secure the district court's approval. If this is not attained, this Agreement shall be null and void.

27. If the district court approves the Agreement but an appeal is filed, the Parties shall meet and confer to discuss opposing that appeal. If an appeal results in the district court's approval of the Agreement being overturned, the parties shall meet and confer to discuss next steps.

28. The Parties agree to stipulate and request district court approval for a proposed schedule, attached as Exhibit B and incorporated into this agreement as if fully set forth herein. The proposed schedule assumes that the district court will not require individually mailed notice. The Parties agree to meet and confer to discuss alternate dates in the event that any portion of the proposed schedule becomes impracticable or is not approved by the district court.

29. The Class Representatives, on behalf of the certified classes in *Oster* and the amended class in *Dominguez*, will propose to the district court, and all Parties agree to support, that the Classes be notified of the proposed settlement as set forth in the Class Notice Plan contained in Exhibit C to this Agreement.

30. Following enactment of the legislative language referenced in Exhibit A, without substantive alteration, and final approval of the Settlement Agreement by the district court, the Parties agree to jointly move to dismiss all appeals in *Oster* and *Dominguez* within 30 days after enactment of the legislation set forth in Exhibit A.

31. Within 30 days of the date that the appeals have been dismissed and the legislation enacted, the Parties agree to ask the district court to enter final judgment dismissing

the *Oster* and *Dominguez* actions as to State Defendants, ordering the Parties to comply with the Agreement, and retaining jurisdiction to enforce the provisions of the Agreement and fashion remedies in the event that a Party violates the Agreement. The district court shall retain jurisdiction for 30 months after the date of CMS approval or disapproval of the Assessment. A copy of each of the Final Judgments, that the Parties agree to ask the district court to enter, is attached hereto as Exhibit D.

## X. ATTORNEYS' FEES AND COSTS

32. Each Party will bear its own attorneys' fees and costs, and no attorneys' fees or costs against any Party shall be awarded in *Oster, Dominguez*, or any appeals therefrom, or any action to enforce the terms of this Agreement.

## XI. SCOPE OF AGREEMENT

33. Upon final approval of this Agreement pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs hereby release any and all claims, damages, liabilities, rights, and complaints against State Defendants asserted in *Oster* and/or *Dominguez*, except for any claims for enforcement of this Agreement. Plaintiffs agree not to bring or support any lawsuit challenging any provisions of this Agreement. Plaintiffs reserve and are not waiving the right to challenge, on any ground including those previously asserted in *Oster* and *Dominguez*, any of the following acts that may occur after this Agreement is signed: any state reductions in participation in IHSS wages and/or state approval of wage reductions in IHSS wages; any state reductions of IHSS hours, services, or eligibility other that those set forth in this Agreement; and any due process challenge to State Defendants' notices of action or provision of hearing rights in relation to IHSS services, assessments, or reassessments other than those required by this Agreement.

## XII. NO ADMISSION OF LIABILITY OR WAIVER OF RIGHTS

34. State Defendants expressly deny each and all of the claims and contentions alleged against them in these actions. Plaintiffs expressly contend that all claims for relief in these actions are meritorious. This Agreement, anything contained herein, and any negotiations or proceedings hereunder shall not be construed as or deemed to be an admission, presumption, evidence of, or concession by any State Defendant of the truth of any fact alleged or the validity of any claim which has or could have been asserted in this action, or of the deficiency of any defense which has or could have been asserted in this action or of any wrongdoing or liability whatsoever.

35. This Agreement, the fact of its existence, and any term thereof shall not be construed as an admission by any State Defendant, or used as evidence against any State Defendant, in any civil, criminal, or administrative action or proceeding except to the extent necessary to enforce claims for a breach of this Agreement.

## XIII. EFFECTIVE DATE OF SETTLEMENT AGREEMENT

36. The effective date of this Agreement shall be 30 days from entry of final approval of this Agreement pursuant to Federal Rule of Civil Procedure 23(e) in *Oster* and *Dominguez*.

## XIV. ADDITIONAL PROVISIONS

37. This Agreement contains all of the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding the subject matter of this Agreement shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein.

38. This Agreement may only be amended, modified, or supplemented by an agreement in writing signed by all Parties and approved by the court specifying its intent to modify this Agreement.

39. The Parties agree to use their best efforts to carry out the terms of the Agreement. At no time shall any of the Parties seek to solicit or encourage members of the Settlement Class to submit objections to the Agreement or to appeal from the order giving final approval to the Agreement.

40. All Parties to this Agreement, through their respective counsel, have participated in its drafting and, consequently, any ambiguity shall not be construed for or against any party.

41. This Agreement shall inure to the benefit of and be binding upon the legal representatives and any successor of any party hereto.

42. Each of the undersigned attorneys represents that he or she has been duly authorized to enter into this Agreement.

43. Each signatory to this Agreement represents and warrants that he/she is authorized to sign this Agreement and bind the party on behalf of whom he/she signs.

44. This Agreement may be executed in counterparts, each of which will be deemed to be an original and all of which taken together shall constitute a single instrument. This Agreement may be executed by signature via facsimile transmission or electronic mail, which shall be deemed to be the same as an original signature.

## XV. SIGNATURES

For the Individual Named Plaintiffs and Class Representatives in *Oster*:

Date: ~~March~~ August ____, 201~~3~~4

                Melinda Bird, Esq.
                Disability Rights California
                *Attorneys for Individual Named Plaintiffs and the Certified Class in Oster*

For the Organizational Plaintiffs in *Oster* and all Plaintiffs, including all Class Representatives, in *Dominguez*:

Date: ~~March~~ August ____, 201~~3~~4

                Stacey M. Leyton, Esq.
                Altshuler Berzon LLP
                *Attorneys for Organizational Plaintiffs in Oster and all Plaintiffs and the Certified Class in Dominguez*

For State Defendants, Approved as to Form:

Date: ~~March~~ August ____, 201~~4~~3

                Susan M. Carson
                Supervising Deputy Attorney General
                Office of the Attorney General
                *Attorneys for State Defendants*

For State Defendants:

Date: ~~March~~ August ____, 201~~3~~4

                Will Lightbourne
                Director
                California Department of Social Services

Date: ~~March~~ August ____, 201~~4~~3

                Toby Douglas
                Director
                California Department of Health Care Services

Date: ~~March~~ August     , 201~~3~~4

                                          Douglas Press
                                          Chief Counsel
                                          California Department of Health Care Services

Exhibit A – Proposed Legislation
Exhibit B – Proposed Schedule
Exhibit C – Proposed Class Notices and Class Notice Plan
Exhibit D – Proposed Final Judgments

SF2009405031
40677551.doc

Dominguez Class Counsel and Oster Class Counsel

| **Dominguez Class Counsel** | **Oster Class Counsel** |
|---|---|
| Stephen P. Berzon<br>Altshuler Berzon LLP<br><br>Scott A. Kronland<br>Altshuler Berzon LLP<br><br>Stacey M. Leyton<br>Altshuler Berzon LLP<br><br>Peder J. Thoreen<br>Altshuler Berzon LLP<br><br>Anne N. Arkush<br>Altshuler Berzon LLP | Melinda Bird<br>Disability Rights California<br><br>Marilyn Holle<br>Disability Rights California<br><br>Sujatha Jagadeesh Branch<br>Disability Rights California<br><br>Dara L. Schur<br>Disability Rights California<br><br>Anna Rich<br>National Senior Citizen Law Center<br><br>Paula Pearlman<br>Disability Rights Legal Center<br><br>Charles Wolfinger<br>Law Office of Charles Wolfinger<br><br>Jane Perkins<br>National Health Law Program |